PER CURIAM.
Larry Eugene Mann, a prisoner under sentence of death and under an active death warrant, appeals the circuit court’s orders denying his motion to vacate sentence and public records requests filed pursuant to Florida Rules of Criminal Procedure 3.851 and 3.852 and petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. For the reasons that follow, we affirm the circuit court’s orders denying relief and public records requests and deny Mann’s petition for a writ of habeas corpus.
BACKGROUND
Mann was convicted and sentenced to death for the kidnapping and murder of ten-year-old Elisa Nelson. We affirmed his conviction on direct appeal, but remanded for resentencing because the trial court improperly found the aggravating circumstance of a prior conviction of a felony involving violence. Mann v. State, 420 So.2d 578, 581 (Fla.1982). After re-sentencing, when Mann was again sentenced to death, we affirmed his sentence. Mann v. State, 453 So.2d 784 (Fla.1984).
Governor Bob Graham signed the first death warrant for Mann and scheduled the execution to take place on February 4, 1986. Mann filed his initial postconviction motion under Florida Rule of Criminal Procedure 3.850, which was denied. He appealed to this Court and filed an application for a stay of execution. We affirmed the circuit court’s summary denial and denied Mann’s application for a stay of execution. Mann v. State, 482 So.2d 1360, 1362 (Fla.1986). We likewise denied his petition for a writ of habeas corpus. Id.
Mann filed a petition for a writ of habe-as corpus in the federal district court, which was also denied. He then appealed to the Eleventh Circuit Court of Appeals. The Eleventh Circuit Court reversed Mann’s sentence for failure to comply with Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 281 (1985), and remanded for resentencing. Mann v. Dugger, 844 F.2d 1446, 1458-59 (11th Cir.1988). Mann was again sentenced to death, which was affirmed on direct ap *1161 peal. Mann v. State, 603 So.2d 1141 (Fla.1992).[1]
We affirmed the denial of Mann’s second postconviction motion. Mann v. State, 770 So.2d 1158, 1164 (Fla.2000). Mann filed a subsequent petition for a writ of habeas corpus, which we denied. Mann v. Moore, 794 So.2d 595, 602 (Fla.2001). We also affirmed the denial of Mann’s third post-conviction motion. Mann v. State, 868 So.2d 524 (Fla.2004) (table). Lastly, we affirmed the denial of Mann’s fourth post-conviction motion, finding that he was not entitled to relief on any of his claims. Mann v. State, 4 So.3d 677 (Fla.2009) (table).
Mann filed the instant motion pursuant to rule 3.851 after Governor Rick Scott signed his death warrant on March 1, 2013, with execution set for April 10, 2013. He raised three claims. The circuit court summarily denied relief on all claims. Mann appeals the denial of his postconviction motion and the denial of his public records requests. He argues that (1) the postconviction court erred in summarily denying Mann’s claim that Florida’s death penalty statute, which allows a non-unanimous verdict, is unconstitutional and violates evolving standards of decency that mark the progress of a maturing society; (2) the postconviction court erred in summarily denying Mann’s claim that Florida’s death warrant selection process is unconstitutional; (3) he has been denied access to public records to which he is entitled, in violation of Florida Rule of Criminal Procedure 3.852, Chapter 119, Florida Statutes, and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (4) the United States Supreme Court’s decision in Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), operates to permit Mann’s claim that initial review postconviction counsel failed to properly raise and obtain a hearing on a claim of ineffectiveness of trial counsel for failing to present mitigation at Mann’s re-sentencing trial. For the reasons set forth below, we affirm the circuit court’s orders denying postconviction relief and the requests for certain public records and deny Mann’s petition for a writ of habeas corpus.
ANALYSIS
Mann’s postconviction claims are governed by rule 3.851. Whenever a mov-ant makes a facially sufficient claim that requires a factual determination, the circuit court must hold an evidentiary hearing. Amends, to Fla. Rules of Crim. Pro. 3.851, 3.852, & 3.993, 772 So.2d 488, 491 n. 2 (Fla.2000); see also Reynolds v. State, 99 So.3d 459, 470-71 (Fla.2012), cert. denied, — U.S. -, 133 S.Ct. 1633, 185 L.Ed.2d 620 (2013); Walker v. State, 88 So.3d 128, 135 (Fla.2012). However, “claims may be summarily denied when they are legally insufficient, should have been brought on direct appeal, or are positively refuted by the record.” Marek v. State, 8 So.3d 1123, 1127 (Fla.2009)(quoting Connor v. State, 979 So.2d 852, 868 *1162 (Fla.2007)). “Because a postconviction court’s decision whether to grant an evi-dentiary hearing on a rule 3.851 motion is ultimately based on written materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review.” Id. at 1127 (citing State v. Coney, 845 So.2d 120, 137 (Fla.2003)).
Non-unanimous Jury Verdicts
Mann asserts that Florida’s death penalty scheme that permits the sentence of death based on a simple majority jury recommendation does not conform to society’s evolving standards of decency. We reject this argument by concluding that it is subject to our general jurisprudence that non-unanimous jury recommendations to impose the sentence of death are not unconstitutional.[2] The circuit court found this claim procedurally barred because it did “not present any cognizable claim under rule 3.851(d)(2)” and is without merit. Mann argues that the circuit court erred in not holding an evidentiary hearing and improperly denied his claim. We disagree.
A successive rule 3.851 motion may be denied without an evidentiary hearing if the records of the case conclusively show that the movant is entitled to no relief. See Fla. R.Crim. P. 3.851(f)(5)(B). This Court reviews the circuit court’s decision to summarily deny a successive rule 3.851 motion de novo, accepting the movant’s factual allegations as true to the extent they are not refuted by the record, and affirming the ruling if the record conclusively shows that the mov-ant is entitled to no relief.
Gore v. State, 91 So.3d 769, 774 (Fla.)(quoting Walton v. State, 3 So.3d 1000, 1005 (Fla.2009), cert. denied, 132 S.Ct. 1904 (2012)). Because Mann raised purely legal claims that have been previously rejected by this Court, the circuit court properly summarily denied relief.
Death Warrant Selection Process
In his second issue on appeal, Mann argues that the unfettered discretion of the Governor to select inmates for execution is unconstitutional because there are no checks on the Governor’s process for selection. The circuit court found that the claim was untimely and without merit.
We have previously and repeatedly denied similar claims. See, e.g., Ferguson v. State, 101 So.3d 362, 366 (Fla.), cert. denied, - U.S. -, 133 S.Ct. 497, 184 L.Ed.2d 312 (2012); Gore, 91 So.3d at 779-80 (holding that the Governor’s unfettered discretion under the Florida Rules of Executive Clemency and separation of powers concerns apply to claims relating to the Governor’s authority to sign death warrants), cert. denied, — U.S. -, 132 S.Ct. 1904, 182 L.Ed.2d 661 (2012); Valle v. State, 70 So.3d 530, 551-52 (Fla.) (rejecting a claim that the Governor’s absolute discretion to sign death warrants renders Florida’s death penalty structure unconstitutional), cert. denied, — U.S. -, 132 S.Ct. 1, 180 L.Ed.2d 940 (2011); Marek v. State, 14 So.3d 985, 998 (Fla.2009) (citing Marek v. State, 8 So.3d 1123, 1128-29 (Fla. *1163 2009)). Because Mann has not presented any reason for this Court to recede from its prior decisions, Mann’s claim is without merit and was properly denied.
Public Records
In Mann’s third issue on appeal, he argues that he has been denied his constitutional right to access public records. The circuit court denied Mann’s records requests because they failed to meet the requirements of Florida Rule of Criminal Procedure 3.852.
Florida Rule of Criminal Procedure 3.852(i)(2) requires production of public records upon a finding of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel’s affidavit identifies with specificity those additional public records that are not at the records repository;
(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
(D) the additional records request is not overly broad or unduly burdensome.
See Valle, 70 So.3d at 549 (quoting Fla. R.Crim. P. 3.852(i)(2)). We have stated that “a defendant must show how the requested records relate to a colorable claim for postconviction relief and good cause as to why the public records request was not made until after the death warrant was signed.” Tompkins v. State, 872 So.2d 230, 244 (Fla.2003) (citing Glock v. Moore, 776 So.2d 243, 254 (Fla.2001); Bryan v. State, 748 So.2d 1003, 1006 (Fla.1999)). In Sims v. State, 753 So.2d 66, 70 (Fla.2000), we made clear that while the language of the rule and statute provide for the production of records after a death warrant has been signed by the Governor, “this discovery tool is not intended to be a procedure authorizing a fishing expedition for records unrelated to a colorable claim for postconviction relief.” Accordingly, where a defendant cannot demonstrate that he or she is entitled to relief on a claim or that records are relevant or may reasonably lead to the discovery of admissible evidence, the trial court may properly deny a public records request. See Pardo v. State, — U.S. -, 133 S.Ct. 815, 184 L.Ed.2d 602 (2012); Valle, 70 So.3d at 547-49; Tompkins v. State, 994 So.2d 1072, 1090 (Fla.2008).
Here, the circuit court found that Mann failed to demonstrate that the requested public records were relevant to any colorable claim. The underlying claim for which these records were sought is that the Governor’s selection of Mann for a death warrant was somehow tainted ’by public input. However, as we discussed above, Mann’s claim regarding the Governor’s discretion is without merit. Accordingly, even if the records Mann sought could have helped him to accurately support his allegation, the claim is not cognizable. Because the requested records were not relevant to a colorable claim, the trial court properly denied the requests.

Martinez v. Ryan

In his last issue on appeal, Mann argues that the United States Supreme Court’s decision in Martinez[3] operates to permit him to bring an ineffective assistance of counsel claim despite any procedural bar. Mann further argues that our decision in Gore was wrongly decided. The circuit court denied Mann’s claim after finding *1164 that Martinez does not provide relief in state court.
As we stated in Gore:
While the decision in Martinez does contain expansive language, a proper analysis reveals that the Supreme Court specifically declined to address the issue of whether a constitutional right to effective assistance of collateral counsel exists:
While petitioner frames the question in this case as a constitutional one, a more narrow, but still dispositive, formulation is whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney’s errors in an initial-review collateral proceeding.
Id. at 1313. Even Justice Scalia in his dissent acknowledged that the majority chose to evade this issue. See id. at 1326 (Scalia, J., dissenting) (noting that the reframing of the issue “avoid[ed] the Court’s need to confront the established rule that there is no right to counsel in collateral proceedings”). It appears that Martinez is directed toward federal habeas proceedings and is designed and intended to address issues that arise in that context.
Gore, 91 So.3d at 778. We do not find Mann’s argument persuasive and do not recede from this analysis. Furthermore, because the record demonstrates that Mann’s counsel did present evidence in mitigation, Mann’s underlying ineffective assistance of counsel claim is without merit.
Habeas Petition
Additionally, Mann petitions this Court for a writ of habeas corpus. Mann’s habeas petition contains a restatement of his argument on appeal that Florida’s death penalty scheme, which allows a non-unanimous jury to recommend a sentence of death, is unconstitutional. We deny his petition as procedurally barred. We have previously stated that “habeas corpus petitions are not to be used for additional appeals on questions which could have been, should have been, or were raised on appeal or in a rule 3.850 motion.” Wyatt v. State, 71 So.3d 86, 112 n. 20 (Fla.2011) (quoting Hardwick v. Dugger, 648 So.2d 100, 105 (Fla.1994)). Because Mann’s argument in the instant petition is a restatement of the first argument contained in his postconviction motion and on appeal, we reject the claim. See id. As discussed above, we have discussed and rejected the merits of the claim.
CONCLUSION
Based on the foregoing, we affirm the circuit court’s order denying Mann’s motion for postconviction relief and order denying Mann’s request for public records. We also deny Mann’s petition for a writ of habeas corpus. No rehearing will be entertained by this Court. The mandate shall issue immediately.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
QUINCE, J„ recused.

. We described the aggravating and mitigating factors as follows:
In his written findings the trial judge found that Mann had a prior violent felony conviction, that he committed this murder during the commission of a felony, and that this murder was especially heinous, atrocious, or cruel. The judge found that no statutory mitigators had been established, but that the following nonstatutory mitigators had been: Mann suffered from psychotic depression and feelings of rage against himself because of strong pedophilic urges; Mann had been an exemplary inmate; he had a long history of alcohol and drug dependency; he had demonstrated great remorse; he had developed his artistic talents; and he had maintained a relationship with his family and friends.
Mann, 603 So.2d at 1142.

. See Parker v. State, 904 So.2d 370, 383 (Fla.2005) ("This Court has repeatedly held that it is not unconstitutional for a jury to recommend death on a simple majority vote.” (citing Whitfield v. State, 706 So.2d 1 (Fla.1997); Thompson v. State, 648 So.2d 692 (Fla.1994); Brown v. State, 565 So.2d 304 (Fla.1990), abrogated by Jackson v. State, 648 So.2d 85 (Fla.1994); Alvord v. State, 322 So.2d 533 (Fla.1975), abrogated by Way v. State, 760 So.2d 903 (Fla.2000))); Davis v. State, 859 So.2d 465, 479 (Fla.2003) ("This Court has repeatedly rejected [this] argument and held that a capital jury may recommend a death sentence by a majority vote.” (citing Sexton v. State, 775 So.2d 923, 937 (Fla.2000); Thompson, 648 So.2d at 698)).

. Martinez v. Ryan, - U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).