PER CURIAM.
Darius Mark Kimbrough appeals an order from the Ninth Judicial Circuit denying his successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851.[1] For the reasons that follow, we affirm the circuit court’s order.
I. Background
Kimbrough is scheduled for execution on November 12, 2013, for the murder of Denise Collins. He “was convicted of first-degree murder, burglary of a dwelling with a battery therein, and sexual battery with great force and was sentenced to death consistent with a jury recommendation of eleven to one.” Kimbrough v. State, 700 So.2d 634, 635 (Fla.1997), cert. denied, 523 U.S. 1028, 118 S.Ct. 1316, 140 L.Ed.2d 479 (1998). In 1991, Kimbrough entered the victim’s apartment through a second-floor sliding glass door and attacked and raped her. Id. at 635-36. The victim died from blunt injury to the face. Id. at 636.
This Court upheld the convictions and death sentence on direct appeal in 1997. Id. at 639. And, in 2004, this Court upheld the denial of postconviction relief and denied habeas relief. Kimbrough v. State, 886 So.2d 965 (Fla.2004). Kimbrough filed his current successive postconviction motion after Governor Scott signed a death warrant on October 4, 2013.
II. Analysis
In these successive postconviction proceedings, Kimbrough claims that Florida’s death penalty statute violates the Eighth Amendment’s evolving standards of decency because most states require a unanimous jury verdict to recommend a death sentence and because allegedly newly discovered evidence indicates that Florida witnessed an increase in death sentences in 2012 compared to the rest of the nation. We affirm the circuit court’s denial of relief.[2]
*754 This Court recently reviewed and rejected this same argument in Mann v. State, 112 So.3d 1158, 1162 (Fla.2013). As we explained in Mann, Kimbrough’s claim “is subject to our general jurisprudence that non-unanimous jury recommendations to impose the sentence of death are not unconstitutional.” 112 So.3d at 1162 (citing Parker v. State, 904 So.2d 370, 383 (Fla.2005) (“This Court has repeatedly held that it is not unconstitutional for a juiy to recommend death on a simple majority vote.”); Davis v. State, 859 So.2d 465, 479 (Fla.2003) (“This Court has repeatedly rejected [this] argument and held that a capital jury may recommend a death sentence by a majority vote.”)); see also Robards v. State, 112 So.3d 1256, 1267 (Fla.2013) (rejecting argument that death sentences based on seven-to-five jury recommendations are unconstitutional, arbitrary, and unreliable). Moreover, there was juror unanimity in Kimbrough’s case in regard to the prior violent felony aggravator. See Kimbrough, 700 So.2d at 636 (“To support the prior violent felony aggravator, the judge cited Kimbrough’s prior convictions for both burglary of a dwelling with battery therein and sexual battery.”).
Additionally, as the circuit court accurately noted in this case, “the various research studies cited by [Kimbrough] do not qualify as newly discovered evidence under the law governing newly discovered evidence.” See Foster v. State, — So.3d -, -, 2013 WL 5659482, *24 (Fla.2013) (“[N]ew research studies are not recognized as newly discovered evidence.” (citing Schwab v. State, 969 So.2d 318, 325 (Fla.2007); Rutherford v. State, 940 So.2d 1112, 1117 (Fla.2006))). Accordingly, the circuit court properly denied relief.
III. Conclusion
For the reasons expressed above, we affirm the order of the circuit court denying Kimbrough’s successive postconviction motion. No rehearing will be entertained by this Court, and the mandate shall issue immediately.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

. Claims raised under rule 3.851 "may be summarily denied when they are legally insufficient, should have been brought on direct appeal, or are positively refuted by the record.” Marek v. State, 8 So.3d 1123, 1127 (Fla.2009) (quoting Connor v. State, 979 So.2d 852, 868 (Fla.2007)).