# Supreme Court of Florida

_____

No. SC14-35
_____

**JUAN CARLOS CHAVEZ,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[January 31, 2014]

PER CURIAM.

Juan Carlos Chavez, a prisoner under sentence of death, appeals from the denial of his second successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Chavez filed the action after Governor Rick Scott signed a death warrant on January 2, 2014. For the reasons discussed below, we affirm.

## BACKGROUND

Chavez was convicted of the first-degree murder, kidnapping, and sexual battery of nine-year-old Samuel James ("Jimmy") Ryce and was sentenced to death in accordance with a unanimous jury recommendation. Chavez v. State, 12 So. 3d

199, 203 (Fla.), cert. denied, 558 U.S. 996 (2009). Chavez confessed that on the afternoon of September 11, 1995, he abducted the child at gunpoint from a school bus stop in rural Miami-Dade County and sexually assaulted the child before fatally shooting him. Id. In 2002, this Court upheld the convictions and sentences on direct appeal. Id. Chavez subsequently filed an initial postconviction motion pursuant to rule 3.851. After relief was denied by the circuit court, Chavez appealed the denial and filed a petition for writ of habeas corpus with this Court. Id. This Court upheld the denial of postconviction relief and denied the habeas petition. Id. at 203.

Chavez next filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida. Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1059 (11th Cir. 2011), cert. denied, 132 S. Ct. 1018 (2012). Chavez recognized that the petition was filed outside of the one-year statute of limitations period provided by 28 U.S.C. § 2244(d) for seeking federal habeas relief, but sought equitable tolling of the statute of limitations. Id. The federal district court dismissed Chavez's habeas petition, concluding that even if all allegations in the petition were true, Chavez would still not be entitled to enough equitable tolling to bring the filing within the statute of limitations period. Id. The United States Court of Appeals for the Eleventh Circuit affirmed the dismissal. Id. at 1073.

On April 16, 2012, Chavez filed a successive motion for postconviction relief. Chavez first asserted that Florida's capital sentencing scheme violates Ring v. Arizona, 536 U.S. 584 (2002), in light of the decision of the federal district court in Evans v. McNeil, 2011 WL 9717450 (S.D. Fla. June 20, 2011), aff'd in part and rev'd in part, 699 F.3d 1249 (11th Cir. 2012), cert. denied, 133 S. Ct. 2393 (2013). Second, Chavez contended that he was entitled to relief in state court pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). The circuit court denied relief, and this Court affirmed the denial in a brief order. See Chavez v. State, 2013 WL 5629607 (Fla. Oct. 11, 2013) (table).

After Governor Scott signed the warrant in this case, Chavez filed numerous public records requests. On January 9, 2014, Chavez filed a second successive motion for postconviction relief, which presented three claims. First, Chavez requested that the circuit court stay the execution while he pursues his claims in federal court pursuant to Martinez. Second, Chavez challenged the constitutionality of lethal injection in Florida. Lastly, Chavez contended that he was denied due process during the clemency proceedings. Chavez requested an evidentiary hearing on the lethal injection and clemency claims.

After a Huff[1] hearing, the circuit court entered an order that summarily denied all claims and rejected Chavez's request for a stay. The circuit court also

_____

1. Huff v. State, 622 So. 2d 982 (Fla. 1993).

entered orders denying Chavez's requests for public records filed pursuant to Florida Rule of Criminal Procedure 3.852(i) from the Florida Department of Corrections (DOC), the Florida Department of Law Enforcement (FDLE), the Office of the Medical Examiner for the Eighth District, and the Florida Parole Commission and its Office of Executive Clemency.

This appeal followed.

## ANALYSIS

We have reviewed each of Chavez's claims in detail. With the exception of the request for a stay, the claims are virtually identical to those presented in Muhammad v. State, 38 Fla. L. Weekly S919 (Fla. Dec. 19, 2013), cert. denied, 187 L. Ed. 2d 700, 2014 WL 50730 (Jan. 7, 2014). Accordingly, our analysis with regard to the public records, lethal injection, and clemency claims is controlled by Muhammad.

### Public Records Requests

This Court reviews denials of public records requests under the abuse of discretion standard. Pardo v. State, 108 So. 3d 558, 565 (Fla.), cert. denied, 133 S. Ct. 815 (2012). A circuit court may order the production of public records under Florida Rule of Criminal Procedure 3.852(i) only upon finding that:

> (A) collateral counsel has made a timely and diligent search of the records repository;
> (B) collateral counsel's affidavit identifies with specificity those additional public records that are not at the records repository;

(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and

(D) the additional records request is not overly broad or unduly burdensome.

Fla. R. Crim. P. 3.852(i)(2). Further, a defendant bears the burden of demonstrating that the records sought relate to a colorable claim for postconviction relief. Mann v. State, 112 So. 3d 1158, 1163 (Fla. 2013).

DOC and FDLE—Chavez requested that the FDLE produce execution logs and notes created by the FDLE agents who observed eleven prior executions. He requested that the DOC produce: (1) records relating to the decision to use midazolam hydrochloride in executions and the decision to retain the three-drug protocol; (2) records relating to consultations with experts about midazolam hydrochloride before the current lethal injection protocol was issued; (3) records identifying the manufacturer and distributor of the drugs used in the lethal injection protocol; (4) checklists and notes prepared by DOC personnel with regard to the executions of twelve inmates; and (5) a list of witnesses to the execution of one inmate.

With the exception of the execution witness list, the records sought by Chavez were previously requested by Askari Abdullah Muhammad during his warrant proceedings. We held that the rule 3.852(i) records requests were not related to a colorable claim. See Muhammad, 38 Fla. L. Weekly at S926; see also

- 5 -

<u>Walton v. State</u>, 3 So. 3d 1000, 1014 (Fla. 2009) (holding that the "production of [records related to lethal injection] is unlikely to lead to a colorable claim for relief because the challenge to the constitutionality of lethal injection as currently administered in Florida has been fully considered and rejected by the Court"). Because we previously held in <u>Muhammad</u> that the circuit court did not abuse its discretion when it denied the DOC and FDLE records requests, we hold that no abuse of discretion occurred here.[2]

<u>Medical Examiner</u>—Chavez sought from the Office of the Medical Examiner for the Eighth District the autopsy records of William Happ and Darius Kimbrough.[3] In <u>Muhammad</u>, the defendant sought only the autopsy records for William Happ; however, the requests are otherwise the same. We held that the circuit court did not abuse its discretion in denying the rule 3.852(i) records requests because "Muhammad has not explained how autopsy photographs and reports concerning Happ could disclose at what point Happ was rendered unconscious or whether he experienced pain by virtue of the alleged inefficacy of midazolam hydrochloride." 38 Fla. L. Weekly at S926. The bases for which

2. We further conclude that disclosure of the witness list from a prior execution would not lead to a colorable claim and, therefore, the circuit court properly denied this portion of the records request as well.

3. Chavez also requested the autopsy records for Askari Abdullah Muhammad, but an autopsy was not performed on the body.

Chavez seeks the autopsy records similarly would not establish when the inmates became unconscious or whether they experienced pain during their executions. Therefore, we conclude pursuant to Muhammad that the circuit court properly denied these records requests.

Florida Parole Commission/ Office of Executive Clemency—Finally, Chavez relies upon section 14.28, Florida Statutes, to contend that he is entitled to "non-investigatory" clemency documents from the Florida Parole Commission and its Office of Executive Clemency. That statute provides: "All records developed or received by any state entity <u>pursuant to a Board of Executive Clemency investigation</u> shall be confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution." § 14.28, Fla. Stat. (2013) (emphasis supplied). However, Rule 16 of the Florida Rules of Executive Clemency provides:

> Due to the nature of the information presented to the Clemency Board, <u>all records and documents generated and gathered in the clemency process as set forth in the Rules of Executive Clemency are confidential</u> and shall not be made available for inspection to any person except members of the Clemency Board and their staff. Only the Governor, and no other member of the Clemency Board, nor any other state entity that may be in the possession of Clemency Board materials, has the discretion to allow such records and documents to be inspected or copied. Access to such materials, as approved by the Governor, does not constitute a waiver of confidentiality.

(Emphasis supplied.) This Court has stated that "[n]o aspect of clemency powers exist[s] by virtue of a legislative enactment, and none could. These powers are

'derived' solely from the Constitution." Parole Comm'n v. Lockett, 620 So. 2d 153, 157 (Fla. 1993) (quoting In re Advisory Op. to the Governor, In re Admin. Procedure Act, Exec. Clemency, 334 So. 2d 561, 562 (Fla. 1976) (footnote omitted)). Thus, to the extent section 14.28 could be read to exclude certain clemency materials from confidentiality, Rule of Executive Clemency 16, which provides that all records in the clemency process are confidential, controls pursuant to Lockett.[4]

Therefore, as in Muhammad, the circuit court properly denied the records requests to the Florida Parole Commission and its Office of Executive Clemency.

**Lethal Injection**

In Muhammad, we held that the use of midazolam hydrochloride as the first drug in the lethal injection protocol did not violate the Eighth Amendment. Muhammad, 38 Fla. L. Weekly at S923, S929. We also considered and rejected the contentions that: (1) movements by Happ during his execution establish that Happ was conscious and experienced pain; (2) FDLE agent Feltgen failed to fulfill his role as a monitor pursuant to the lethal injection protocol; and (3) Florida is

---

4. Further, we note that participation in the clemency process by individuals, as required by the Florida Constitution and the law, does not waive the confidentiality of clemency documents. See art. IV, § 8(a), Fla. Const.

constitutionally required to change its three-drug protocol to a one-drug protocol. See id. at S923-24.

Chavez contends that despite our detailed ruling in Muhammad, we should remand for an evidentiary hearing so that he may offer additional evidence to that which was presented in Muhammad. We reject this claim. Summary denial of a lethal injection challenge is proper where the asserted reasons for holding an evidentiary hearing are based upon conjecture or speculation. See generally Foster v. State, 38 Fla. L. Weekly S756, S766 (Fla. 2013). Chavez has failed to proffer any witnesses or evidence that he would present during an evidentiary hearing. Thus, the assertion by Chavez that he could establish the unconstitutionality of Florida's lethal injection protocol is completely speculative. We conclude that his request for an evidentiary hearing was properly denied, and we affirm the denial of this claim pursuant to Muhammad.

**Clemency**

Chavez next challenges the sufficiency of the clemency proceedings that were held. This claim is without merit. The warrant signed by Governor Scott provides that "executive clemency for JUAN CARLOS CHAVEZ, as authorized by Article IV, Section 8(a), Florida Constitution, was considered pursuant to the Rules of Executive Clemency and it has been determined that executive clemency is not appropriate." This Court has repeatedly held in denying challenges to

clemency that such proceedings are within the exclusive purview of the executive branch and will not be second-guessed by the judicial branch. See, e.g., Carroll v. State, 114 So. 3d 883, 888-89 (Fla.), cert. denied, 133 S. Ct. 2762 (2013) (rejecting a challenge where the defendant admitted "a clemency proceeding was held, and challenge[d] only the sufficiency of it"); Marek v. State, 8 So. 3d 1123, 1129-30 (Fla. 2009) (rejecting claim that Florida's clemency process "is one-sided, arbitrary, and standardless").

Chavez does not dispute that a clemency proceeding was held. Instead, he expresses displeasure with the sufficiency of the proceeding. In Muhammad, this Court rejected a similar claim by an inmate that the clemency process was flawed and amounted to a denial of due process. 38 Fla. L. Weekly at S925 ("Muhammad's allegations do not support a claim that the circumstances surrounding his clemency denied him minimal due process."). We conclude that Chavez's allegations also do not support a claim that he was denied minimal due process during the clemency proceedings, or that in his case clemency was merely a formality. See generally Johnston v. State, 27 So. 3d 11, 25 (Fla. 2010) (noting that "no specific procedures are mandated in the clemency process").

We affirm the summary denial of this claim in accordance with Muhammad.

**Motion for Stay**

- 10 -

Finally, Chavez requests a stay of execution to allow him to pursue relief in the federal courts pursuant to Martinez. The Supreme Court in Martinez held

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

132 S. Ct. at 1320. Chavez contends that a stay is warranted because Martinez entitles him to consideration of his claims in federal court, even though the district court previously dismissed his habeas petition as untimely and the Eleventh Circuit affirmed that dismissal.

A stay of execution pending the disposition of a successive motion for postconviction relief is warranted only when there are "substantial grounds upon which relief might be granted." Buenoano v. State, 708 So. 2d 941, 951 (Fla. 1998) (citing Bowersox v. Williams, 517 U.S. 345 (1996)). Based upon this precedent, and the fact that the Eleventh Circuit recently held that Martinez is inapplicable to the situation where a federal habeas petition was not filed within the time limit mandated by 28 U.S.C. § 2244(d), we conclude that a stay is not warranted. See Arthur v. Thomas, 24 Fla. L. Weekly Fed. C897, C902 (11th Cir. Jan. 6, 2014). Further, to the extent Chavez claims that he is not challenging the prior dismissal of his initial federal habeas petition as time-barred, but instead is seeking to initiate a new petition alleging ineffective assistance, we conclude that

- 11 -

he has not justified the issuance of a stay. Accordingly, we deny the request for a stay and hold that the trial court properly denied a stay of execution as well.

## CONCLUSION

For the reasons expressed above, we affirm the order of the circuit court summarily denying the second successive postconviction motion and the circuit court orders denying the records requests. The request for a stay of execution is denied. No rehearing will be entertained by this Court, and the mandate shall issue immediately.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

An Appeal from the Circuit Court in and for Miami-Dade County,
      Marc Schumacher, Judge - Case No. F95-37867

Robert A. Norgard and Andrea M. Norgard of Norgard and Norgard, Bartow, Florida,

      for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Scott A. Browne, Senior Assistant Attorney General, Tampa, Florida,

      for Appellee