# Supreme Court of Florida

_____

No. SC14-2026
_____

**CHADWICK D. BANKS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[November 3, 2014]

PER CURIAM.

Chadwick D. Banks, a prisoner under sentence of death for whom a warrant has been signed and execution set for November 13, 2014, appeals the circuit court's orders denying his second successive motion for postconviction relief and sustaining objections to his public records requests, which were filed under Florida Rules of Criminal Procedure 3.851 and 3.852 after his death warrant was signed. We have jurisdiction. See art. V §3(b)(1), Fla. Const. For the reasons that follow, we affirm. Additionally, we deny Banks' motion for a stay of execution, filed October 29, 2014.

## I. BACKGROUND

In the early morning hours of September 24, 1992, Banks shot and killed his wife while she slept. Banks then went to the bedroom of his ten-year-old stepdaughter and sexually battered her before fatally shooting her in the top of the head as she knelt at her bedside. An eyewitness identified Banks arriving at and leaving the victims' residence on the night of the murder. The next day, Banks confessed to the murders and "molesting" his stepdaughter. He provided to law enforcement the gun that he used when he committed the murders. Ballistic analysis confirmed that the bullets removed from the victims' heads were fired from Banks' gun. Banks' confession was also corroborated by semen found in the anus of the child victim and around various places in her bedroom, which was consistent with having come from Banks. DNA analysis was performed on semen found on the child's thigh, and the DNA was matched to Banks' DNA. Blood matching Banks' type was found under the child victim's fingernails.

Banks pleaded no contest to two counts of first-degree murder and one count of sexual battery on a child under the age of twelve. The State agreed to waive the death penalty as to the murder of Banks' wife. After a capital penalty-phase trial as to the murder of his ten-year-old stepdaughter, a jury recommended that Banks be sentenced to death by a vote of nine to three. The trial court followed the jury's recommendation and sentenced Banks to death for the murder of his stepdaughter. Concurrent life terms with minimum mandatory sentences of twenty-five years

were imposed for the murder of Banks' wife and the sexual battery of his stepdaughter. We upheld the convictions and sentences on direct appeal. Banks v. State, 700 So. 2d 363, 368 (Fla. 1997).

Banks filed his initial motion for postconviction relief in 1999. The motion was denied after an evidentiary hearing, and we affirmed that denial on appeal. Banks v. State, 842 So. 2d 788, 793 (Fla. 2003). In 2010, Banks filed a successive motion for postconviction relief. It was summarily denied, and we affirmed in 2012. Banks v. State, 97 So. 3d 821 (Fla. 2012).

Banks also sought relief in federal court. In 2004, he filed a petition for a writ of habeas corpus in the United States District Court raising "the same claims [he] presented on direct and state collateral review." Banks v. Crosby, No. 4:03cv328/RV, 2005 WL 5899837, at *2 (N.D. Fla. July 29, 2005). Banks' petition was untimely, and the federal district court granted summary judgment in favor of the State. Id. at *6. The Eleventh Circuit Court of Appeals affirmed. Banks v. Sec'y, Fla. Dep't of Corr., 491 Fed. Appx. 966, 971, 2012 WL 4901162, at *5 (11th Cir. 2012) (unpublished), cert. denied, 134 S. Ct. 118 (2013).

After the death warrant was signed by Governor Scott on September 22, 2014, Banks sent public records requests to state and local agencies, including the Florida Department of Law Enforcement, the Florida Department of Corrections, the Second Judicial Circuit State Attorney's Office, and the Gadsden County

Sheriff's Office. The agencies objected to the demands. Finding that Banks' requests were general demands that did not seek any specific document or category of documents and that Banks failed to demonstrate that the records sought relate to a colorable claim for postconviction relief, the trial court sustained the objections.

On October 9, 2014, Banks filed a second successive motion for postconviction relief, presenting three claims: (1) the trial court denied Banks due process by sustaining objections to his public records requests; (2) Banks received ineffective postconviction representation; and (3) Florida's method of execution is cruel and unusual. A case management conference was held on October 10, 2014, as required by rule 3.851(h)(3). At the conclusion of the hearing, the trial court summarily denied the motion. A written order reflecting the court's decision was entered on October 15, 2014. In denying the motion, the trial court reasoned that "[t]he motion to vacate ma[de] no facially sufficient claim adequate to require a factual determination," and that "[a]ll claims raised in the motion to vacate [were] legally insufficient, should have been brought on direct appeal (or on appeal from the denial of Mr. Banks' prior post-conviction motion), or are positively refuted by the record." State v. Banks, No. 1992-841-CF at 8 (Fla. 2d Jud. Cir. Ct. Final Order Denying Motion to Vacate filed Oct. 15, 2014). On October 17, 2014, Banks filed an amended motion, which was also summarily denied. In denying the amended motion, the trial court explained that "[t]he claims raised in the Amended

Motion are in almost all respects substantively the same as asserted in the [October 9] Motion to Vacate and are governed by the same legal principles." State v. Banks, No. 1992-841-CF at 1 (Fla. 2d Jud. Cir. Ct. Final Order Denying Amended Motion to Vacate filed Oct. 20, 2014). This appeal followed.

## II.  ANALYSIS

### A.  Ineffective Assistance of Postconviction Counsel

In his first claim on appeal, Banks asserts that he was entitled to raise procedurally barred claims of ineffective assistance of trial counsel in his post-warrant second successive postconviction motion because he received ineffective assistance of postconviction counsel in his initial collateral review proceeding. In support of his claim, Banks relies on the decisions of the United States Supreme Court in Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013). His reliance is misplaced.

Martinez held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. Trevino simply applied the Martinez holding in a federal habeas case arising out of a Texas state court and involving Texas state law. Trevino, 133 S. Ct. at 1921 ("[W]e conclude that where, as here, state procedural framework, by reason of its design and operation, makes it highly

unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in Martinez applies[.]").  In essence, both Trevino and Martinez addressed circumstances in which a defendant can raise a claim in a federal habeas petition that he did not raise in state proceedings.

We have held that Martinez applies only to federal habeas proceedings and "does not provide an independent basis for relief in state court proceedings." Howell v. State, 109 So. 3d 763, 774 (Fla. 2013); see also Chavez v. State, 129 So. 3d 1067, 2013 WL 5629607, at *1 (Fla. 2013) (table); Gore v. State, 91 So. 3d 769, 778 (Fla.), cert. denied, 132 S. Ct. 1904 (2012).  Nor does Trevino.  Zakrzewski v. State, No. SC13-1825, 2014 WL 2810560, at *1 (Fla. June 20, 2014) (citing Gore and Howell).  Moreover, we have "repeatedly held that claims of ineffective assistance of postconviction counsel are not cognizable."  Howell, 109 So. 3d at 774; Chavez, 129 So. 3d at 1067, 2013 WL 5629607, at *9; Moore v. State, 132 So. 3d 718, 724 (Fla. 2013); Atwater v. State, 118 So. 3d 219, 2013 WL 3198744, at *1 (Fla. 2013) (table); Mann v. State, 112 So. 3d 1158, 1164 (Fla. 2013); Gore, 91 So. 3d at 778.  Because claims of ineffective assistance of postconviction counsel do not present a valid basis for relief, we deny relief on Banks' claim that postconviction counsel rendered ineffective assistance.

**B.  Lethal Injection Protocol**

Next, Banks contends that the circuit court erred in denying his claim that Florida's lethal injection protocol violates the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution. He argues that the first and second drugs in the protocol, midazolam hydrochloride and vecuronium bromide, present an objectively intolerable risk of pain and suffering. He claims that midazolam is not a suitable drug to render him insensate prior to the administration of the second and third drugs. And, if not properly anesthetized, the paralytic nature of vecuronium bromide will render him unable to convey that he is experiencing pain and suffering.

To state a claim under the Eighth Amendment, a defendant must show that a state's lethal injection protocol is " 'sure or very likely to cause serious illness and needless suffering.' " Brewer v. Landrigan, 131 S. Ct. 445, 445 (2010) (quoting Baze v. Rees, 553 U.S. 35, 50 (2008) (plurality opinion)). "[T]o prevail on such a claim there must be a 'substantial risk of serious harm,' an 'objectively intolerable risk of harm.' " Baze, 553 U.S. at 50 (quoting Farmer v. Brennan, 511 U.S. 825, 842, 846 & n.9 (1994)). Such a challenge cannot be based on conjecture or speculation. Deparvine v. State, 146 So. 3d 1071, 1104 (Fla. 2014) (citing Pardo v. State, 108 So. 3d 558, 563 (Fla.), cert. denied, 133 S. Ct. 815 (2012)); Chavez v. State, 132 So. 3d 826, 831 (Fla.), cert. denied, 134 S. Ct. 1156 (2014). "Simply because an execution method may result in pain, either by accident or as an

inescapable consequence of death, does not establish the sort of 'objectively intolerable risk of harm' that qualifies as cruel and unusual." Baze, 553 U.S. at 50.

We have repeatedly rejected Eighth Amendment challenges to Florida's lethal injection protocol as revised in September 2013. See Davis v. State, 142 So. 3d 867, 871-73 (Fla.), cert. denied, 189 L. Ed. 2d (2014); Henry v. State, 134 So. 3d 938, 946-49 (Fla.), cert denied, 134 S. Ct. 1536 (2014); Howell, 133 So. 3d 511, 522-23 (Fla.), cert. denied, 134 S. Ct. 1536 (2014); Chavez, 132 So. 3d at 831; Muhammad v. State, 132 So. 3d 176, 194-96 (Fla. 2013), cert. denied, 134 S. Ct. 894 (2014). We have held that the use of midazolam hydrochloride as the first drug in the lethal injection protocol does not violate the Eighth Amendment. Chavez, 132 So. 3d at 831 (citing Muhammad, 132 So. 3d at 195). We have likewise rejected Eighth Amendment challenges to the use of vecuronium bromide. Howell v. State, 133 So. 3d at 522-23; Pardo, 108 So. 3d at 564-65. Challenges to the use of both drugs have also been rejected in federal court. See Muhammad v. Crews, No. 3:13-cv-1587-J-32JBT, 2013 WL 6844489, at *8 (M.D. Fla. Dec. 27, 2013) (noting that if consciousness check is done correctly after administration of midazolam hydrochloride there is no substantial risk of harm), cert. denied, 134 S. Ct. 894 (2014); Ferguson v. Warden, Fla. State Prison, 493 Fed. Appx. 22, 24-25, 2012 WL 4946112, at *2 (11th Cir. 2012) (unpublished) (finding that use of vecuronium bromide as second drug in Florida's protocol does not violate Eighth

Amendment). Once we have upheld the constitutionality of a lethal injection protocol, that protocol is facially constitutional as a matter of law. Banks has not presented any new information that would warrant reconsideration of our prior decisions upholding the constitutionality of the current protocol.

Banks' contention that there is a known, available alternative to Florida's three-drug protocol, using only one drug, is likewise foreclosed. We rejected the notion that Florida is constitutionally mandated to adopt a one-drug protocol in both Howell, 133 So. 3d at 515, and Muhammad, 132 So. 3d 196-98. Baze provides that courts should not be transformed into "boards of inquiry" on determining the "best practices" for execution procedures, nor should the courts be embroiled "in ongoing scientific controversies beyond their expertise." Baze, 553 U.S. at 51. A showing of "a slightly or marginally safer alternative" is insufficient to satisfy the risk of harm that is actionable under the Eighth Amendment. Id.

In addition to his challenges to the drugs, Banks takes issue with other parts of the protocol. However, these challenges are also foreclosed by our prior decisions. See Troy v. State, 57 So. 3d 828, 840 (Fla. 2011) (rejecting claim that defendant was entitled to evidentiary hearing regarding any potential issues concerning venous access as insufficiently pleaded because defendant failed to allege a medical condition that would contribute to difficulty in gaining venous access and conclusory allegations do not establish a legally sufficient claim for

postconviction relief); Schwab v. State, 995 So. 2d 922, 930 (Fla. 2008) (lethal injection protocol involving consciousness check by execution team warden does not violate Eighth Amendment); Lightbourne v. McCollum, 969 So. 2d 326, 351 (Fla. 2007) (rejecting challenge to qualifications and training of personnel involved in execution).

## C. Public Records Requests

Banks' final claim is that the circuit court erred in sustaining objections made by the various agencies to his public records requests. We recently addressed the appropriate standard of review with regard to a denial of public records requests.

> This Court has held that denial of public records requests are reviewed under the abuse of discretion standard. See Dennis v. State, 109 So. 3d 680, 698 (Fla. 2012); Diaz v. State, 945 So. 2d 1136, 1149 (Fla. 2006). "Discretion is abused only when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." State v. Coney, 845 So. 2d 120, 137 (Fla. 2003) (quoting White v. State, 817 So. 2d 799, 806 ([Fla.] 2002)). The Court has long acknowledged that the public records procedure under Florida Rule of Criminal Procedure 3.852 "is not intended to be a procedure authorizing a fishing expedition for records unrelated to a colorable claim for postconviction relief." Valle [v. State], 70 So. 3d [530,] 549 [(Fla. 2011)] (quoting Moore v. State, 820 So. 2d 199, 204 (Fla. 2002) (quoting Glock v. Moore, 776 So. 2d 243, 253 (Fla. 2001))).

Muhammad, 132 So. 3d at 200. Accordingly, where a defendant cannot demonstrate that records are relevant or may reasonably lead to the discovery of

admissible evidence, the trial court may properly deny a public records request. Mann, 112 So. 3d at 1163.

Here, the circuit court found that Banks failed to demonstrate that the requested public records were relevant to any colorable claim. We agree. The underlying claims for which these records were sought were the ineffective assistance of counsel claim and the general challenge to the lethal injection protocol. As discussed above, these claims are foreclosed. Because the requested records were not relevant to a colorable claim, the trial court did not abuse its discretion in sustaining the objections to the requests.

### III. CONCLUSION

For the reasons stated above, we affirm the circuit court's order summarily denying the second successive postconviction motion and the circuit court's orders sustaining the objections to the public records requests. In addition, we deny Banks' motion for a stay of execution, which he filed on October 29, 2014. No motion for rehearing will be entertained by this Court. The mandate shall issue immediately.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

An Appeal from the Circuit Court in and for Gadsden County,
    Jonathan Eric Sjostrom, Judge - Case No. 201992CF000841XXAXMX

Terri Lynn Backhus of Backhus & Izakowitz, P.A., Tampa, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Stephen Richard White, Assistant Attorney General, and Charmaine Millsaps, Assistant Attorney General, Tallahassee, Florida,

    for Appellee