PARIENTE, J.,
concurring.
If “death is different,” as this Court and the United States Supreme Court have repeatedly pronounced,[23] then requiring unanimity in the jury’s final recommendation of life or death is an essential prerequisite to the. continued constitutionality of the death penalty in this State. I fully concur with the majority in requiring that, before a sentence of death may be constitutionally imposed, the . jury must find unanimously the existence of any aggravating factor, that the aggravating factors are sufficient.for the imposition of death, that the aggravating factors outweigh the mitigating circumstances, and finally the recommendation for death. See majority op. at 53-54. I write separately to emphasize the historical foundations for this Court’s holding requiring unanimity in the jury’s final recommendation of death under Florida’s constitutional right to jury trial, guaranteed by article I, section 22, of the Florida Constitution.
I also agree with the majority that the Eighth Amendment further buttresses the conclusion that a jury must unanimously recommend death. Simply put, Florida’s extreme outlier status in not requiring unanimity in the jury’s final recommendation renders the current imposition of the death penalty in Florida cruel and unusual under the Eighth Amendment to the United States Constitution. Additionally,, as the majority notes, resolving this issue now, as opposed to later, ensures that, for as long as death is a permissible punishment in the United States, Florida’s death penalty will be constitutionally sound. See majority op. at 62.
Lastly, I write to address the dissent’s argument that this Court has exceeded the scope of the remand proceeding from the United States Supreme Court.
Right to Jury Trial Under the Florida Constitution
“[A] defendant’s right to a jury trial is indisputably one of the most basic rights guaranteed by our constitution.” State v. Griffith, 561 So.2d 528, 530 (Fla.1990). As the majority detailed, unanimity in jury verdicts has been the polestar of Florida’s criminal justice system sinee our State’s first Constitution in 1838. Majority op. at 55. Likewise, this Court has “always considered the right to jury trial an indispensable component of our system of justice.” Blair v. State, 698 So.2d 1210, 1213 (Fla.1997). In Florida, “the requirement of unanimity has been scrupulously honored in the criminal law of this state for any finding of guilt and for any fact that increases the maximum punishment.” Butler v. State, 842 So.2d 817, 837 (Fla.2003) (Pariente, J., concurring in part, dissenting in part); see also In re Std. Jury Instrs. in Crim. Cases—Report No. 2011-05, 141 So.3d 132, 138 (Fla.2013) (‘Your verdict finding the defendant either guilty or not guilty must be unanimous.”). The history of the constitutional right to jury trial in Florida supports the majority’s determination that Florida’s constitutional right to a trial by jury requires unanimity in the jury’s final and ultimate recommendation: whether the defendant shall live or die.
*71 The right to a trial by jury is not a right to trial by individual jurors. As the majority explains, when considering its functional qualities, a unanimity requirement “furthers the deliberative process by requiring the minority view to be examined and, if possible, accepted or rejected by the entire jury.” Majority op. at 58 (quoting United States v. Lopez, 581 F.2d 1338, 1341 (9th Cir.1978)) (emphasis added). Requiring unanimity also ensures that every juror’s voice, with their attendant backgrounds, is heard and considered. “Unanimous verdicts [ ] protect jury representativeness—each point of view must be considered and all jurors persuaded. [In fact, sjtudies have shown that minority jurors participate more actively when decisions must be unanimous.” Principles for Juries and Jury Trials, SM078 ALI-ABA 753, 782 (2007) (citing Valerie P. Hans, The Power of Twelve: The Impact of Jury Size and Unanimity on Civil Jury Decision Making, 4 Del. L.Rev. 2, 23 (2001)). A unanimous verdict also “gives particular significance and conclusiveness to the jury’s verdict.” Lopez, 581 F.2d at 1341; see also majority op. at 58. Additionally, “[ujnanimous-verdict juries ... tend to be more evidence-driven, generally delaying their first votes until the evidence has been discussed.” Kate Riordan, Ten Angry Men: Unanimous Jury Verdicts in Criminal Trials and Incorporation After McDonald, 101 J.Crim. L. & Criminology 1403, 1429 (2011). As former Justice Raoul Cantero has explained, “Unanimous verdicts are more likely to fulfill the jury’s role as the voice of the community’s conscience. When less than a unanimous jury is allowed to speak for the community, the likelihood increases that the jury will misrepresent community values.” Raoul G. Cantero & Robert M. Kline, Death is Different: The Need for Jury Unanimity in Death Penalty Cases, 22 St. Thomas L.Rev. 4, 32 (2009) (citing Schriro v. Summerlin, 542 U.S. 348, 360, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Breyer, J., dissenting)).
The majority explains the significance of this Court’s holding in Jones v. State that “any interference with the right to a unanimous jury verdict denies the defendant a fair trial as guaranteed by the Declaration of Rights of the Florida Constitution.” Majority op. at 55 (citing Jones, 92 So.2d 261, 261 (Fla.1956)). Given this State’s historical adherence to unanimity and the significance of the right to trial by jury, the majority correctly concludes that article I, section 22, of the Florida Constitution requires that all of the jury fact-finding, including the jury’s final recommendation of death, be unanimous.
Eighth Amendment to the United States Constitution
I also agree with the majority that the Eighth Amendment to the United States Constitution further supports the constitutional basis for requiring a unanimous jury recommendation. The cruel and unusual punishment clause of the Eighth Amendment was viewed by the Framers, and later by the United States Supreme Court, as “a ‘constitutional check’ that would ensure that ‘when we come to punishments, no latitude ought to' be left, nor dependence put on the virtue of representatives.’ ” Furman v. Georgia, 408 U.S. 238 at 261, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Brennan, J., concurring). As Justice Kennedy has stated, “Jury unanimity ... is an accepted, vital mechanism to ensure that real and full deliberation occurs in the jury room, and that the jury’s ultimate decision will reflect the conscience of the community.” McKoy v. North Carolina, 494 U.S. 433, 452, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Kennedy, J., concurring).
*72 Due to the severity and irreversibility of death, “the Eighth Amendment requires [in capital cases] a greater degree of accuracy ... than would be true in a noncapital case.” Gilmore v. Taylor, 508 U.S. 333, 342, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993). As some commentators, including former Justice Raoul Cantero, have observed:
The Supreme Court has consistently recognized that the death penalty is “qualitatively different” from all other punishments, and therefore “demands extraordinary procedural protection against error,”
[[Image here]]
.Because “death is different,” allowing a simple majority to render a verdict in a capital case may violate the Eighth Amendment’s prohibition on cruel and unusual punishment.
Cantero & Kline, Death is Different, 22 St. Thomas L.Rev. at 12-13 (citing Jeffrey Abramson, Death-is-Different Jurisprudence and the Role of the Capital Jury, 2 Ohio St. L.J.Crim. L. 117, 117 (2004)) (emphasis added).
•Not only does jury unanimity further the goal that a defendant will receive a fair trial and help to guard against arbitrariness in the ultimate decision of whether a defendant lives or dies, jury unanimity in the jury’s final recommendation of death also ensures that Florida conforms to “the evolving standards of decency that mark the progress of a maturing society,” which inform Eighth, Amendment analyses. Roper v. Simmons, 543 U.S. 551, 561, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (quoting Trop v. Dulles, 356 U.S. 86, 100-01, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion)); see also Hall v. Florida, — U.S. -, 134 S.Ct. 1986, 1992, 188 L.Ed.2d 1007 (2014) (“The Eighth Amendment’s protection of dignity reflects the Nation we have been, the Nation we are, and the Nation we aspire to be. This is to affirm that the Nation’s constant, unyielding purpose must be to transmit the Constitution so that its precepts and guarantees retain their meaning and force.”).
At the time Ring was decided, death was not a penalty in twelve states.[24] Since the United States Supreme Court decided Ring, seven additional states have eliminated the death penalty as a punishment altogether. See Hall, 134 S.Ct. at 1997 (noting that Connecticut, Illinois, Maryland, New Jersey, New Mexico, and New York have eliminated the death penalty since 2002); S.B. 268, 104th Leg. 1st Sess. (Neb.2015) (repealing the death penalty). Therefore, when Hurst v. Florida was decided, a total of nineteen states had eliminated the death penalty.
As to the requirement of jury unanimity, until Hurst v. Florida, Florida was one of only three states that permitted capital defendants to be sentenced to death without all twelve penalty phase jurors recommending in unison that the defendant was deserving of the ultimate punishment. See majority op. at 61. Of the thirty-one states that still had the death penalty at the time of Hurst v. Florida, twenty-eight states required a unanimous vote of twelve jurors with respect to the final verdict or recommendation, making Florida, Alabama, and Delaware glaring outliers.[25] *73 However, Delaware just recently declared its capital sentencing statute unconstitutional. Rauf v. Delaware, 145 A.3d 430 (Del.2016). The United States Supreme Court has also vacated the death sentences of four Alabama inmates in light of Hurst v. Florida. See Russell v. Alabama, No. 15-9918, — U.S. —, 137 S.Ct. 158, — L.Ed.2d-, 2016 WL 3486659 (U.S. Oct. 3, 2016); Kirksey v. Alabama, — U.S. -, 136 S.Ct. 2409, 195 L.Ed.2d 777 (2016); Wimbley v. Alabama, — U.S. —, 136 S.Ct. 2387, 195 L.Ed.2d 760 (2016); Johnson v. Alabama, — U.S. —, 136 S.Ct. 1837, 194 L.Ed.2d 828 (2016).[26]
The current practices of these other states emphasize Florida’s outlier status, as this Court expressly acknowledged eleven years ago in State v. Steele, 921 So.2d 538, 548 (Fla.2005). In that case we observed that Florida was' then “the only state in the country that allows a jury to decide that aggravators exist and to recommend a sentence of death by a mere majority vote.” Id. (first emphasis added). At the time, we acknowledged that even though Alabama and Delaware did not require unanimity as to the jury’s final recommendation, they at least required unanimity as to the jury’s finding of at least one aggravator. Id. at 548-49, n. 4 & 5.
Taken together, the trend of states either eliminating the death penalty as a punishment or requiring jury unanimity in fact-finding and the final recommendation before sentencing a defendant to death demonstrates “the evolving standards of decency” with respect to the jury’s fact-finding role in capital punishment in the United States. Roper, 543 U.S. at 561,125 S.Ct. 1183. This trend solidifies Florida’s devolution from an outlier to an extreme outlier.
The United States Supreme Court has also considered international trends when addressing Eighth Amendment claims, and these trends further confirm Florida’s outlier status. Id. 543 U.S. at 577-78, 125 S.Ct. 1183. Amnesty International’s 2015 Report indicates that the United States was the only member of the Organization of American States (OAS)—an organization whose thirty-five member nations aim to uphold the pillars of democracy, human rights, security, and development—to carry out executions, and one of the countries with the most executions in the world.[27] Both Florida and the United States are outliers as to the imposition of the death penalty, and Florida’s non-unanimous recommendation for imposing the death penalty only entrenches the State in outlier territory.
For all of these reasons, I agree that the failure to require jury unanimity before *74 the ultimate decision of death is imposed violates the Eighth Amendment.
Unanimity of the Final Recommendation is Properly Addressed
Finally, I address the dissent’s argument that in requiring unanimity in the final jury recommendation this Court exceeds the scope of its proper considerations in this case. See Canady, J., dissenting op. at 77. Contrary to the dissent’s assertions, the issue of a unanimous recommendation is properly at issue in this case. In Hurst v. Florida, the United States Supreme Court instructed that. “[t]he judgment of the Florida Supreme Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.” 186 S.Ct. at 624. Nowhere in the opinion is the requirement that this Court may only consider “how we are to apply Hurst v. Florida’s Sixth Amendment holding,” as the dissent suggests. See Canady, J., dissenting op. at 77. The Hurst v. Florida remand requires only that this Court’s proceedings not be inconsistent with the United States Supreme Court’s opinion in Hurst v. Florida. 136 S.Ct. at 624. This Court’s decision is based on both Florida’s constitutional right to jury trial as well as the federal Sixth and Eighth Amendments.
This Court’s opinion is firmly rooted in article I, section 22, of the Florida Constitution. As to the Eighth Amendment argument, the last time this Court actually considered an Eighth Amendment argument on its merits was decades ago. See Alvord, 322 So.2d at 533; Watson v. State, 190 So.2d 161 (Fla.1966). Subsequently, the Court has rejected the claim, providing virtually no analysis and seemingly relying on cases from this Court dating back to the reinstitution of the death penalty, and so it is unclear whether the claim was based on the Eighth Amendment or some other constitutional ground. See, e.g., Hunter v. State, 175 So.3d 699, 710 (Fla.2015) (denying this argument by citing to this Court’s previous rejection of the same argument); Ford v. State, No. SC14-1011, SC14-2040, 2015 WL 1741803 (Fla. Apr. 15, 2015) (denying Eighth Amendment claim because it “has been repeatedly rejected by this Court”), cert. denied, — U.S. -, 136 S.Ct. 538, 193 L.Ed.2d 433 (2015); Kimbrough v. State, 125 So.3d 752, 754 (Fla.2013) (denying the claim due to this Court’s “general jurisprudence that non-unanimous jury recommendations to impose the sentence of death are not unconstitutional”); Robards v. State, 112 So.3d 1256, 1267 (Fla.2013); Mann v. State, 112 So.3d 1158, 1162 (Fla.2013); Larzelere v. State, 676 So.2d 394, 407 (Fla.1996) (explaining that the claim had been “previously rejected” without addressing the merits); Hunter v. State, 660 So.2d 244, 252-53 (Fla.1995); James v. State, 453 So.2d 786, 792 (Fla.1984) (rejecting the claim based on Alvord).
Following this Court’s rejections of the Eighth Amendment argument challenging Florida’s capital sentencing scheme for allowing a non-unanimous recommendation of death, the United States Supreme Court issued its decision in Hurst v. Florida, which did not address the Eighth Amendment. Therefore, there is no United States Supreme Court precedent this Court must follow asserting that the Eighth Amendment does or does not require unanimity in jury capital sentencing recommendations.
Clearly our holding requiring unanimity in the jury’s ultimate recommendation is not inconsistent with Hurst v. Florida or any other decision from the United States Supreme Court. Moreover, the issue of unanimity in the final recommendation was *75 raised before this Court in Hurst v. State, argued before the United States Supreme Court in Hurst v. Florida, raised by Hurst in his Motion requesting imposition of a life sentence,[28] and serves to provide a complete analysis of what the Florida and United States Constitutions require before the death penalty can be constitutionally imposed.
For all these reasons, I fully concur in the majority’s opinion today.
LABARGA, C.J., concurs.

. See Yacob v. State, 136 So.3d 539, 546 (Fla.2014) (quoting Fitzpatrick v. State, 527 So.2d 809, 811 (Fla.1988)); Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2470, 183 L.Ed.2d 407 (2012).

. The states without a death penalty when Ring was decided are, from earliest to most recent in abolishing the death penalty: Michigan, Wisconsin, Maine, Minnesota, Alaska, Hawaii, Vermont, West Virginia, North Dakota, Iowa, Massachusetts, and Rhode Island. See States With and Without the Death Penalty, Death Penalty Info. Ctr., http://www.death penaltyinfo.org/states-and-without-death-penalty (last visited Sept. 22, 2016).

. Moreover, federal law provides that a jury must unanimously recommend whether a de *73 fendant should be sentenced to death. 18 U.S.C. § 3593(e) (2016),

. Additionally, although contrary to our decision today, the Alabama Supreme Court recently decided that its capital sentencing scheme is constitutional under Hurst v. Florida because its capital sentencing scheme requires the jury to unanimously find one aggravating factor when determining if a defendant is eligible for the death penalty. See Ex parte Bohannon, No. 1150640, — So.3d -, -, 2016 WL 5817692, at *5 (Ala. Sept. 30, 2016). However, we note that the Alabama Supreme Court in Bohan-non did not discuss its statute’s constitutionality under its own state constitution and did not mention the Alabama cases remanded by the United States Supreme Court in light of Hurst v. Florida.

. See Amnesty Int’l, Global Report: Death Sentences and Executions 2015 10, http:// www.amneslyusa.org/research/reports/death-sentences-and-executions-2015 (2015); Org. of Am. States, Who We Are, http://www.oas. org/en/about/who_we_are.asp (last visited September 21, 2016).

. Hurst’s Amended Motion for Remand for Imposition of a Sentence of Life in Prison raising the Eighth Amendment argument was filed shortly after the issuance of the Supreme Court mandate, even before Hurst’s Supplemental Initial Brief on the Merits was filed in front of this Court on remand. While the majority addresses the Eighth Amendment basis for unanimity in addition to the Sixth Amendment argument, we have rejected his argument that section 775.082(2), Florida Statutes (2016), requires reducing his sentence to life.