PER CURIAM. We have for review Gary Ray Bowles’ appeal of the circuit court’s order denying Bowles’ motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Bowles’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). After this Court decided Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017), we ordered Bowles to show cause why Hitchcock should not be dispositive in this case. After reviewing Bowles’ response to the order to show cause, as well as the State’s arguments in reply, we conclude that Bowles is not entitled to relief. Bowles was sentenced to death following a jury’s unanimous recommendation for death. Bowles v. State, 804 So.2d 1173, 1175 (Fla. 2001). Bowles’s sentence of death became final on June 17, 2002. Bowles v. Florida, 536 U.S. 930, 122 S.Ct. 2603, 153 L.Ed.2d 790 (2002). Thus, Hurst does not apply retroactively to Bowles’ sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Bowles’ motion. The Court having carefully considered all arguments raised by Bowles, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.