# Supreme Court of Florida

————————

No. SC17-330

————————

**OMAR BLANCO,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[July 19, 2018]

PER CURIAM.

Omar Blanco, a prisoner under sentence of death, appeals the circuit court's orders summarily denying his fifth motion for postconviction relief, which was filed under Florida Rules of Criminal Procedure 3.851 and 3.203. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In 1982, a jury convicted Blanco of first-degree murder and armed burglary. We affirmed Blanco's convictions and sentence of death on direct appeal. *Blanco v. State*, 452 So. 2d 520 (Fla. 1984). We also upheld the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Blanco v. Wainwright*, 507 So. 2d 1377 (Fla. 1987). A federal court later vacated

the death sentence based on ineffective assistance of penalty phase counsel.

*Blanco v. Dugger*, 691 F. Supp. 308 (S.D. Fla. 1988), *aff'd sub nom. Blanco v. Singletary*, 943 F.2d 1477 (11th Cir. 1991).[1]  In 1994, following a new penalty phase on resentencing, the jury recommended a death penalty by a vote of ten to two.  We affirmed Blanco's resentence of death.  *Blanco v. State*, 706 So. 2d 7 (Fla. 1997).  We also upheld the denial of his fourth postconviction motion. *Blanco v. State*, 963 So. 2d 173 (Fla. 2007).

In May 2015, Blanco filed his current fifth postconviction motion under Florida Rules of Criminal Procedure 3.851 and 3.203.  Within his motion, Blanco sought relief based on *Hall v. Florida*, 134 S. Ct. 1986 (2014), and *Atkins v. Virginia*, 536 U.S. 304 (2002).  Blanco subsequently filed an amended postconviction motion in which he sought additional relief based on *Hurst v. Florida*, 136 S. Ct. 616 (2016).  In January 2017, the circuit court issued an order summarily denying Blanco's intellectual disability claim as time-barred in light of this Court's decision in *Rodriguez v. State*, No. SC15-1278, 2016 WL 4194776

---

1.  Blanco's second postconviction motion was filed during the federal habeas proceedings, but it was dismissed as moot when the federal court ordered resentencing.

Blanco's third postconviction motion was filed during the pendency of the resentencing proceedings.  We affirmed.  *Blanco v. State*, 702 So. 2d 1250 (Fla. 1997).

(Fla. Aug. 9, 2016) (unpublished order). This appeal followed.[2] While Blanco's postconviction case was pending in this Court, the Court directed Blanco to show cause why the circuit court's May 2017 order—entered by the circuit court on relinquishment—should not be affirmed in light of this Court's decision in *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017). This Court also directed further briefing on the intellectual-disability-related issue.

We conclude that Blanco's intellectual disability claim is foreclosed by the reasoning of this Court's decision in *Rodriguez*. In *Rodriguez*, this Court applied the time-bar contained within rule 3.203 to a defendant who sought to raise an intellectual disability claim under *Atkins* for the first time in light of *Hall*. We also conclude that Blanco's *Hurst* claim is foreclosed by this Court's decision in *Hitchcock*. In *Hitchcock*, this Court applied *Asay* to mean that *Ring v. Arizona*, 536 U.S. 584 (2002), is the cutoff for any and all *Hurst*-related claims. Accordingly, we affirm the circuit court's orders denying Blanco's fifth motion for postconviction relief.

Any rehearing motion containing reargument will be stricken.

---

2. While Blanco's postconviction case was pending in this Court, the Court temporarily relinquished jurisdiction for the circuit court to enter a written order on the *Hurst*-related claim contained within Blanco's amended postconviction motion. In May 2017, the circuit court issued an order on relinquishment summarily denying Blanco's *Hurst* claim in light of this Court's decision in *Asay v. State*, 210 So. 3d 1 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017).

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I agree with the per curiam opinion's result because this Court's opinions regarding *Hurst* retroactivity are now final. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017); *Asay v. State* (*Asay V*), 210 So. 3d 1 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017). However, I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock* that *Hurst* should apply retroactively to cases like Blanco's. *Hitchcock*, 216 So. 3d at 220-23 (Pariente, J., dissenting). Applying *Hurst* to Blanco's sentence of death, I would grant a new penalty phase based on the jury's nonunanimous recommendation for death by a vote of ten to two. Majority op. at 2.

An Appeal from the Circuit Court in and for Broward County,
    Raag Singhal, Judge - Case No. 061982CF000453A88810

Ira W. Still, III, Coral Springs, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee