# Supreme Court of Florida

_____

No. SC17-790
_____

**HAROLD LEE HARVEY, Jr.,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

November 15, 2018

PER CURIAM.

Harold Lee Harvey, Jr., appeals the summary denial of his successive postconviction motion to vacate his sentences of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. Because we find that the record conclusively demonstrates that Harvey is not entitled to relief, we find that the postconviction court properly summarily denied Harvey's motion.

Harvey was convicted in 1986 for the murders of Ruby and William Boyd. His crimes are detailed in *Harvey v. State*, 529 So. 2d 1083 (Fla. 1988). We affirmed Harvey's convictions and sentences. *Id.* His death sentences became

final on February 21, 1989, when the United States Supreme Court denied certiorari review. *See Harvey v. Florida*, 489 U.S. 1040 (1989). We denied habeas relief in *Harvey v. Dugger*, 656 So. 2d 1253 (Fla. 1995), and affirmed the denial of Harvey's initial postconviction motion in *Harvey v. State*, 946 So. 2d 937, 940 (Fla. 2006). In the instant appeal, Harvey argues that the postconviction court erred in denying his intellectual disability claim without an evidentiary hearing and in denying his claim for relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016).

A postconviction court's decision on whether to grant an evidentiary hearing on a postconviction motion is a pure question of law, reviewed de novo. *Mann v. State*, 112 So. 3d 1158, 1162 (Fla. 2013). "If the motion, files and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing." Fla. R. Crim. P. 3.851(f)(5)(B).

Harvey's motion was filed December 20, 2016. Harvey, who had never before raised an intellectual disability claim, argues that his claim was timely because he filed two months after this Court decided *Walls v. State*, 213 So. 3d 340 (Fla. 2016). We have previously held that a similarly situated defendant's claim was untimely because he failed to raise a timely intellectual disability claim under *Atkins v. Virginia*, 536 U.S. 304 (2002). *See Rodriguez v. State*, 250 So. 3d 616

(Fla. 2016).  Accordingly, the record conclusively shows that Harvey's claim is untimely, and he is not entitled to relief.

Harvey also contends that he is eligible for *Hurst* relief.  This Court has repeatedly held that *Hurst* relief does not extend to cases final before the United States Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002).  *See*, *e.g.*, *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017), *cert. denied*, 138 S. Ct. 513 (2017).  Harvey's case became final when the United States Supreme Court denied certiorari review of our opinion on direct appeal on February 21, 1989.  *See Harvey v. Florida*, 489 U.S. 1040 (1989).[1]  Accordingly, the record conclusively demonstrates that he is not entitled to relief on this claim.

Based on the foregoing, we affirm the postconviction court's summary denial of Harvey's motion.

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

---

1. This is true despite the fact that, in an opinion that never became final, we briefly vacated Harvey's convictions and remanded for a new trial in *Harvey v. State*, 28 Fla. L. Weekly S513, S513-15 (Fla. July 3, 2003) (citing *Nixon v. Singletary*, 758 So. 2d 618 (Fla. 1995)).  In light of the United States Supreme Court's decision in *Florida v. Nixon*, 543 U.S. 175, 187 (2004), we withdrew that opinion on rehearing, rejected Harvey's ineffective assistance claim, and affirmed his death sentence.  *See Harvey v. State*, 946 So. 2d 937, 940 (Fla. 2006).

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I agree that Harvey is not entitled to relief on his intellectual disability claim because he "failed to raise a timely . . . claim under *Atkins v. Virginia*, 536 U.S. 304 (2002)." Per curiam op. at 2. However, as I have explained several times, I would apply *Hurst*[2] retroactively to Harvey's case. *See Hitchcock v. State*, 226 So. 3d 216, 222-23 (Fla.) (Pariente, J., dissenting), *cert. denied*, 138 S. Ct. 513 (2017); *see also Asay v. State* (*Asay V*), 210 So. 3d 1, 32-36 (Fla. 2016) (Pariente, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 41 (2017).

Applying *Hurst* to Harvey's case, the jury's nonunanimous recommendations for death by votes of eleven to one indicate that the *Hurst* error is not harmless beyond a reasonable doubt. *Harvey v. State*, 946 So. 2d 937, 941 (Fla. 2006); *see Davis v. State*, 207 So. 3d 142, 175 (Fla. 2016). In addition, as Justice Anstead argued and I agreed in 2006, Harvey's counsel failed to present significant evidence of mitigation:

> [D]ue to counsel's blatant neglect in heeding the psychologist's advice, *none of this powerful mitigating evidence was ever*

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

- 4 -

*investigated, developed, or presented*. As our death penalty jurisprudence makes clear, counsel's duty is to thoroughly investigate first, and then evaluate in order to develop a sound defense strategy. We have a clear breach of counsel's duty here and substantial prejudice as a result. In the face of an almost apologetic case for mitigation, *the jury's recommendation for death was virtually a certainty.*

*Harvey*, 946 So. 2d at 951 (Anstead, J., concurring in part and dissenting in part, joined by Pariente, C.J.) (emphasis added). The "evidence of several important statutory mitigators and extensive nonstatutory mitigation" in Harvey's case included "numerous and serious mental problems, including organic brain damage . . . growing out of the defendant's deprived and abusive childhood, and at least two major traumatic events." *Id.* Thus, Justice Anstead concluded:

> I would hold that we cannot have confidence in the outcome of proceedings so infected by trial counsel's neglect and ineffectiveness. While counsel's neglect may ultimately have made no difference in the establishment of his guilt, the record in this case clearly establishes that the adversarial testing mandated by *Strickland* did not take place in the penalty phase proceedings of this case. We should remand for a new penalty phase, so that this essential adversarial testing can take place before a reasoned and informed judgment is rendered on life or death.

*Id.* at 952. Counsel's deficient representation, as explained by Justice Anstead, directly affected what we now know to be *Hurst*-relevant inquiries, specifically the weighing of aggravation and mitigation. *See Hurst*, 202 So. 3d at 44.

Accordingly, I would apply *Hurst* to Harvey's case, vacate Harvey's sentences of death, and remand for a new penalty phase.

An Appeal from the Circuit Court in and for Okeechobee County, Robert L. Pegg, Judge - Case No. 471985CF000075CFAXMX

Ross B. Bricker of Jenner & Block, LLP, Chicago, Illinois,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Lisa-Marie Lerner and Donna M. Perry, Assistant Attorneys General, West Palm Beach, Florida,

    for Appellee