# Supreme Court of Florida

_____

No. SC19-1184
_____

**GARY RAY BOWLES**,
Appellant,

vs.

**STATE OF FLORIDA**,
Appellee.

_____

No. SC19-1264
_____

**GARY RAY BOWLES**,
Petitioner,

vs.

**MARK S. INCH, etc.**,
Respondent.

August 13, 2019

PER CURIAM.

Gary Ray Bowles, a prisoner under sentence of death and an active death warrant, appeals the postconviction court's order summarily denying his successive motion for postconviction relief filed under Florida Rule of Criminal

Procedure 3.851.  We affirm the denial of relief, and we also deny the petition for a writ of habeas corpus and the motions to stay his execution that Bowles filed in this Court.[1]

## I.  BACKGROUND

Bowles confessed and pleaded guilty to the 1994 murder of Walter Hinton, who had allowed Bowles to move into his home in exchange for Bowles' help in moving personal items.  *Bowles v. State*, 716 So. 2d 769, 770 (Fla. 1998).  Specifically, Bowles dropped a concrete block on Hinton's head while Hinton was sleeping, then manually strangled a conscious Hinton, and subsequently "stuffed toilet paper into Hinton's throat and placed a rag into his mouth."  *Id.*  On direct appeal, this Court affirmed the first-degree murder conviction but remanded for a new penalty phase.  *Id.*  On direct appeal of the resentencing (where the jury unanimously recommended death), this Court upheld Bowles' death sentence.  *Bowles v. State*, 804 So. 2d 1173, 1175 (Fla. 2002).  The resentencing trial court based the prior violent felony aggravator on "two prior similar murders for which the defendant was convicted after the first sentencing hearing" as well as two other prior violent felony convictions.  *Id.* at 1176.

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), (9), Fla. Const.

In 2008, this Court upheld the denial of postconviction relief and denied habeas relief. *Bowles v. State*, 979 So. 2d 182, 184, 194 (Fla. 2008). In so doing, this Court ruled that trial counsel was not ineffective for failing to call an expert to testify regarding mitigation, where the expert had informed counsel that she would have to discuss the "three additional murders that Bowles had committed, which the State was not going to introduce unless the defense opened the door to them." *Id.* at 187-88. And in 2018, this Court affirmed the denial of Bowles' successive postconviction motion, which he had filed in June 2017, ruling that *Hurst*[2] does not apply retroactively to Bowles' death sentence. *See Bowles v. State*, 235 So. 3d 292, 292 (Fla. 2018).

On October 19, 2017, Bowles filed another successive postconviction motion, raising an intellectual disability claim for the first time. Bowles filed the final version of this motion after the governor signed his death warrant on June 11, 2019. Bowles' final motion (entitled "Amended Rule 3.851 Motion for Postconviction Relief in Light of *Moore v. Texas*,[3] *Hall v. Florida*,[4] and *Atkins v.*

---

2. *Hurst v. Florida*, 136 S. Ct. 616 (2016); *Hurst v. State*, 202 So. 3d 40 (Fla. 2016).

3. *Moore v. Texas*, 137 S. Ct. 1039 (2017).

4. *Hall v. Florida*, 572 U.S. 701 (2014). *Hall* has been retroactively applied by this Court to timely filed intellectual disability claims. *See Walls v. State*, 213 So. 3d 340 (Fla. 2016). We do not address here the continued validity of that holding.

*Virginia*[5]") and its appendix noted an IQ test score of 74 as well as prior IQ test scores of 80 and 83. After holding a case management conference, the postconviction court summarily denied Bowles' intellectual disability claim as untimely.

## II. ANALYSIS

In this Court, Bowles challenges the summary denial of his intellectual disability claim and the denial of certain records requests filed after the governor signed his death warrant. Bowles also filed a habeas petition in this Court, alleging that national death penalty trends demonstrate that his execution would constitute cruel and unusual punishment. We affirm the postconviction court's denial of relief and deny his habeas petition.

**(1) Intellectual Disability**

Bowles first challenges the postconviction court's summary denial of his intellectual disability claim, but we affirm the postconviction court.

A postconviction court's decision regarding whether to grant an evidentiary hearing is a pure question of law and is reviewed de novo. *Mann v. State*, 112 So. 3d 1158, 1162 (Fla. 2013). "If the motion, files, and records in the case

---

5. *Atkins v. Virginia*, 536 U.S. 304 (2002).

- 4 -

conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing." Fla. R. Crim. P. 3.851(f)(5)(B).

This Court has previously held that similarly situated defendants were not entitled to relief based on intellectual disability claims because they failed to raise timely intellectual disability claims under *Atkins*. *See Harvey v. State*, 260 So. 3d 906, 907 (Fla. 2018) ("Harvey, who had never before raised an intellectual disability claim, argues that his claim was timely because he filed two months after this Court decided *Walls v. State*, 213 So. 3d 340 (Fla. 2016). We have previously held that a similarly situated defendant's claim was untimely because he failed to raise a timely intellectual disability claim under *Atkins*[.]"); *Blanco v. State*, 249 So. 3d 536, 537 (Fla. 2018) ("We conclude that Blanco's intellectual disability claim is foreclosed by the reasoning of this Court's decision in *Rodriguez* [*v. State*, 250 So. 3d 616 (Fla. 2016)]. In *Rodriguez*, this Court applied the time-bar contained within [Florida Rule of Criminal Procedure] 3.203 to a defendant who sought to raise an intellectual disability claim under *Atkins* for the first time in light of *Hall*."); *Rodriguez*, 250 So. 3d at 616 ("Rodriguez, who had never before raised an intellectual disability claim, asserted that there was 'good cause' pursuant to [Florida Rule of Criminal Procedure] 3.203(f) for his failure to assert a previous claim of intellectual disability [because] only after the United States Supreme Court decided [*Hall*] did he have the basis for asserting an intellectual disability

claim. The trial court rejected [and this Court affirmed] the motion as time barred, concluding there was no reason that Rodriguez could not have previously raised a claim of intellectual disability based on *Atkins*[.]").

Bowles waited until October 19, 2017 to raise an intellectual disability claim for the first time. Therefore, the record conclusively shows that Bowles' intellectual disability claim is untimely under our precedent.

To the extent Bowles relies on rule 3.203(f), Bowles has not established good cause for failing to seek a determination of his intellectual disability within 60 days of October 1, 2004. At that time, the Supreme Court had held that the Eighth Amendment prohibits the execution of an intellectually disabled offender, and it is reasonable to expect Bowles then to have raised any argument that Florida's standards for determining intellectual disability were constitutionally deficient. Bowles' inaction should not be ignored on the basis of the perceived futility of his claim.

Accordingly, he is not entitled to relief.

**(2) Records Requests**

Next, Bowles challenges the postconviction court's denial of his requests for certain public records pursuant to Florida Rule of Criminal Procedure 3.852(h)(3) and (i). "We review rulings on public records requests pursuant to Florida Rule of

Criminal Procedure 3.852 for abuse of discretion," *Hannon v. State*, 228 So. 3d 505, 511 (Fla. 2017), and find none here.

This Court has explained the following regarding records requests under rule 3.852:

> Rule 3.852 is "not intended to be a procedure authorizing a fishing expedition for records." *Sims v. State*, 753 So. 2d 66, 70 (Fla. 2000). For this reason, records requests under Rule 3.852(h) are limited to "persons and agencies who were the recipients of a public records request at the time the defendant began his or her postconviction odyssey," *id.*; whereas, records requests under Rule 3.852(i) must "show how the requested records relate to a colorable claim for postconviction relief and good cause as to why the public records request was not made until after the death warrant was signed." *Asay* [*v. State*, 224 So. 3d 695, 700 (Fla. 2017)] (quoting *Tompkins v. State*, 872 So. 2d 230, 244 (Fla. 2003)).

*Hannon*, 228 So. 3d at 511. "Accordingly, where a defendant cannot demonstrate that he or she is entitled to relief on a claim or that records are relevant or may reasonably lead to the discovery of admissible evidence, the trial court may properly deny a records request." *Asay*, 224 So. 3d at 700.

The disputed records in this case involve inmate classification records from the Florida Department of Corrections (DOC),[6] any records of communication

---

6. The postconviction court ordered DOC to produce all medical, dental, psychological, and psychiatric records received or produced since Bowles' previous records request but denied Bowles' request for all records pertaining to his disciplinary proceedings, movement, housing, and visitation. The parties stipulated that the State would not rely on or use any records not previously turned over by DOC without first disclosing those records to Bowles.

between the State Attorney's Office and the victim's friends or family, and records relating to the lethal injection procedure from DOC, the Florida Department of Law Enforcement (FDLE), and the Medical Examiner's Office (ME). Because Bowles cannot demonstrate that he is entitled to relief on claims related to these records, and because Bowles' contention that his inmate classification records and any State Attorney Office communication with the victim's family or friends may reflect his behavior is too attenuated to reasonably lead to admissible evidence relevant to a colorable claim of relief, the postconviction court did not abuse its discretion in denying Bowles' requests for these records. *See Jimenez v. State*, 265 So. 3d 462, 473-74 (Fla. 2018) (finding no abuse of discretion in the denial of records requests in support of challenges to Florida's current lethal injection protocol, explaining that "production of records relating to lethal injection are 'unlikely to lead to a colorable claim for relief [when] the challenge to the constitutionality of lethal injection as currently administered in Florida has been fully considered and rejected by the Court' " (quoting *Hannon*, 228 So. 3d at 511-12 (quoting *Walton v. State*, 3 So. 3d 1000, 1014 (Fla. 2009))); *Sims v. State* 753 So. 2d 66, 70 (Fla. 2000) (explaining that rule 3.852(h)(3) is "not intended to be a procedure authorizing a fishing expedition for records unrelated to a colorable claim for postconviction relief").

**(3) Habeas Petition**

In his habeas petition, Bowles claims that, given national trends in the death penalty, his execution would constitute cruel and unusual punishment. However, as we have explained, "this Court is bound by the conformity clause of the Florida Constitution to construe the state prohibition against cruel and unusual punishment consistently with pronouncements by the United States Supreme Court." *Correll v. State*, 184 So. 3d 478, 489 (Fla. 2015); *see* art. I, § 17, Fla. Const. ("The prohibition against cruel or unusual punishment, and the prohibition against cruel and unusual punishment, shall be construed in conformity with decisions of the United States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution."). Accordingly, because the United States Supreme Court has made clear that capital punishment does not constitute cruel and unusual punishment under the Eighth Amendment of the federal constitution, we cannot invalidate Bowles' death sentence as cruel and unusual. *See Glossip v. Gross*, 135 S. Ct. 2726, 2732-33 (2015) ("[B]ecause it is settled that capital punishment is constitutional, '[i]t necessarily follows that there must be a [constitutional] means of carrying it out.' " (second and third alterations in original) (quoting *Baze v. Rees*, 553 U.S. 35, 47 (2008))); *McCleskey v. Kemp*, 481 U.S. 279, 313 (1987) (rejecting an Eighth Amendment as-applied challenge to the death penalty based

on a study); *Gregg v. Georgia*, 428 U.S. 153, 169 (1976) (holding the punishment of death for the crime of murder does not violate the Eighth Amendment).

## III. CONCLUSION

For the reasons expressed above, we affirm the postconviction court's summary denial of Bowles' successive postconviction motion. We also deny Bowles' habeas petition and his motions to stay his execution. No rehearing will be entertained by this Court, and the mandate shall issue immediately.

It is so ordered.

POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur. CANADY, C.J., concurs in part and concurs in result in part with an opinion.

CANADY, C.J., concurring in part and concurring in result in part.

I agree that the postconviction court's summary denial of Bowles' motion should be affirmed, that the habeas petition should be denied and that no stay should be entered. I join in the result as well as the portions of the majority opinion addressing Bowles' claim regarding public records and his habeas petition. But I would reject Bowles' intellectual disability claim on the ground that *Hall v. Florida*, 572 U.S. 701 (2014), should not be given retroactive application. *See Walls v. State*, 213 So. 3d 340, 350-52 (Fla. 2016) (Canady, J., dissenting). To the extent that Bowles presents a claim under rule 3.203(f) independent of the retroactive application of *Hall*, I agree with the majority opinion regarding the rejection of that claim.

An Appeal from the Circuit Court in and for Duval County,
   Bruce Rutledge Anderson, Jr., Judge - Case No.
   161994CF012188AXXXMA

And an Original Proceeding – Habeas Corpus

Robert Friedman, Capital Collateral Regional Counsel, and Karin Moore and Elizabeth Spiaggi, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida; and Terri Backhus, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

   for Appellant/Petitioner

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

   for Appellee/Respondent