Cite as: 588 U. S. ____ (2019)  1

# SUPREME COURT OF THE UNITED STATES

————

No. 19-5617 (19A183)

————

## GARY RAY BOWLES *v.* FLORIDA, ET AL.

ON APPLICATION FOR STAY AND ON PETITION FOR A WRIT OF
CERTIORARI TO THE SUPREME COURT OF FLORIDA

[August 22, 2019]

The application for stay of execution of sentence of death presented to JUSTICE THOMAS and by him referred to the Court is denied. The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

This case implicates important questions related to this Court's decision in *Hall* v. *Florida*, 572 U. S. 701 (2014). *Hall* invalidated a Florida law categorically prohibiting intellectually disabled death-row prisoners with IQs above 70 from raising successful claims under *Atkins* v. *Virginia*, 536 U. S. 304 (2002). Later, the Florida Supreme Court held that *Hall* was retroactive. *Walls* v. *State*, 213 So. 3d 340, 346 (2016). With one hand, the Florida Supreme Court recognized that such intellectually disabled prisoners sentenced before *Hall* have a right to challenge their executions on collateral review. With the other hand, however, the Florida Supreme Court has turned away prisoners seeking to vindicate this retroactive constitutional rule for the first time, by requiring them to have brought their *Hall* claims in 2004—a full decade before *Hall* itself was decided. See, *e.g.,* 2019 WL 3789971, *2 (Aug. 13, 2019) (case below); *Harvey* v. *State*, 260 So. 3d 906, 907 (2018); *Blanco* v. *State*, 249 So. 3d 536, 537 (2018); *Rodriguez* v. *State*, 250 So. 3d 616 (2016). This Kafkaesque procedural rule is at odds with another Florida rule requiring counsel raising an intellectual-disability claim to have a "good faith" basis to believe

that a death-sentenced client is intellectually disabled (presumably under the limited definition of intellectual disability that Florida had then imposed). Fla. Rule Crim. Proc. 3.203(d)(4)(A) (Supp. 2004). The time-bar rule also creates grave tension with this Court's guidance in *Montgomery* v. *Louisiana*, 577 U. S. ___ (2016).

This petition, however, does not squarely present the concerns addressed in *Montgomery*. Instead, the questions presented challenge Florida's procedural rule requiring certain post-*Hall* claims to have been brought in 2004 solely under the Eighth Amendment. Because I do not believe that the questions as presented merit this Court's review at this time, I do not disagree with the denial of certiorari. In an appropriate case, however, I would be prepared to revisit a challenge to Florida's procedural rule.