# Supreme Court of Florida

---

No. SC18-1172

---

**GARY LAWRENCE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 11, 2020

PER CURIAM.

Gary Lawrence appeals an order summarily denying his second successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851.[1]  We affirm the denial of relief.

In 1995, Lawrence was convicted of the first-degree murder of Michael Finken, conspiracy to commit murder, auto theft, and petty theft.  *Lawrence v. State*, 698 So. 2d 1219, 1221 (Fla. 1997).  He was sentenced to death for Mr. Finken's murder, and on direct appeal, we affirmed Lawrence's convictions and sentences.  *Id.* at 1222.  His death sentence became final on January 20, 1998,

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

when the United States Supreme Court denied certiorari review. *See Lawrence v. Florida*, 522 U.S. 1080 (1998). We denied habeas relief and affirmed the denial of Lawrence's initial postconviction motion in *Lawrence v. State*, 831 So. 2d 121, 137 (Fla. 2002). We also affirmed the denial of Lawrence's successive postconviction motion seeking relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), receded from in part by *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020). *Lawrence v. State*, 236 So. 3d 240, 240-41 (Fla. 2018).

In 2018, Lawrence filed a second successive postconviction motion claiming that he is intellectually disabled**.** We conclude that Lawrence's argument lacks merit. As this Court stated in *Phillips v. State*, 45 Fla. L. Weekly S163, S165-67 (Fla. May 21, 2020); *Hall v. Florida*, 572 U.S. 701 (2014), does not apply retroactively. Therefore, Lawrence is not entitled to relief.

Accordingly, we affirm the postconviction court's summary denial of Lawrence's intellectual disability claim.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs in result with an opinion.
COURIEL, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result.

This Court has consistently affirmed the denial of relief in cases where the defendant failed to timely raise an intellectual disability claim based on *Atkins v. Virginia*, 536 U.S. 304 (2002). *See Bowles v. State*, 276 So. 3d 791, 794-95 (Fla. 2019); *Harvey v. State*, 260 So. 3d 906, 907 (Fla. 2018); *Blanco v. State*, 249 So. 3d 536, 537 (Fla. 2018); *Rodriguez v. State*, 250 So. 3d 616, 616 (Fla. 2016). Similarly, Lawrence did not timely seek relief under *Atkins*, and I agree with the majority that he is not entitled to relief.

However, I strongly disagree with the majority's reliance on its decision in *Phillips v. State*, 45 Fla. L. Weekly S163 (Fla. May 21, 2020) (holding that *Hall v. Florida*, 572 U.S. 701 (2014), is not to be retroactively applied, and receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016)). Consequently, I can only concur in the result.

An Appeal from the Circuit Court in and for Santa Rosa County,
    David Rimmer, Judge - Case No 571994CF000397XXAXMX

Robert S. Friedman, Capital Collateral Regional Counsel, Stacy Biggart and Matletha Bennette, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Janine D. Robinson, Assistant Attorney General, Tallahassee, Florida,

    for Appellee

Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

     for Amicus Curiae