# Supreme Court of Florida

_____

No. SC18-1750
_____

**ALPHONSO CAVE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 11, 2020

PER CURIAM.

Alphonso Cave appeals an order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851.[1]  We affirm the denial of relief.

In 1982, Cave was convicted of the first-degree murder of Frances Slater, robbery with a firearm, and kidnapping.  *See Cave v. State*, 476 So. 2d 180, 182 (Fla. 1985).  He was sentenced to death for Ms. Slater's murder, and on direct appeal, we affirmed Cave's convictions and sentences.  *Id.* at 182-83.  The sentence was later vacated by the federal district court based on ineffective

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

assistance of trial counsel during the penalty phase, and this ruling was affirmed by the federal circuit court. *See Cave v. Singletary*, 971 F.2d 1513, 1514 (11th Cir. 1992). Cave was given a second sentencing proceeding before a jury. The jury recommended death by a ten-to-two vote, and the court again imposed a sentence of death. *See Cave v. State*, 660 So. 2d 705, 706 (Fla. 1995). This Court vacated the sentence due to a procedural error in the trial court's disposition of Cave's motion for disqualification of the judge. *See id.* at 708.

Cave was given a third sentencing proceeding before a jury, and the jury recommended death by an eleven-to-one vote. *Cave v. State*, 727 So. 2d 227, 228 (Fla. 1998). On direct appeal, this Court affirmed Cave's death sentence. *Id.* at 232. His sentence of death became final in 1999, when the United States Supreme Court denied certiorari review. *Cave v. Florida*, 528 U.S. 841 (1999). We also affirmed the denial of Cave's initial postconviction motion. *Cave v. State*, 899 So. 2d 1042, 1045 (Fla. 2005).

In 2017, Cave filed a successive postconviction motion claiming that he is intellectually disabled and entitled to relief based on *Hall v. Florida*, 572 U.S. 701 (2014), and *Moore v. Texas*, 137 S. Ct. 1039 (2017); and a claim seeking relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016). In September 2018, the circuit court entered an order summarily denying Cave's successive postconviction motion finding that his intellectual

disability claim is time-barred and that *Hurst* does not apply retroactively to Cave's case.

First, Cave is not entitled to postconviction relief based on his intellectual disability claim. As this Court stated in *Phillips v. State*, 45 Fla. L. Weekly S163, S165-67 (Fla. May 21, 2020), *Hall* does not apply retroactively. Accordingly, we affirm the postconviction court's summary denial of Cave's intellectual disability claim.

Second, Cave is not entitled to *Hurst* relief. *See State v. Poole*, 45 Fla. L. Weekly S41, S48 (Fla. Jan 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020) ("The jury in Poole's case unanimously found that, during the course of the first-degree murder of Noah Scott, Poole committed the crimes of attempted first-degree murder of White, sexual battery of White, armed burglary, and armed robbery. Under this Court's longstanding precedent interpreting *Ring v. Arizona* [536 U.S. 584 (2002)] and under a correct understanding of *Hurst v. Florida*, this satisfied the requirement that a jury unanimously find a statutory aggravating circumstance beyond a reasonable doubt."); *Cave*, 476 So. 2d at 182 ("Cave was convicted of one count each of first-degree murder, robbery with a firearm, and kidnapping.").

Accordingly, we affirm the postconviction court's summary denial of Cave's successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs in result with an opinion.
COURIEL, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result.

This Court has consistently affirmed the denial of relief in cases where the defendant failed to timely raise an intellectual disability claim based on *Atkins v. Virginia*, 536 U.S. 304 (2002). *See Bowles v. State*, 276 So. 3d 791, 794-95 (Fla. 2019); *Harvey v. State*, 260 So. 3d 906, 907 (Fla. 2018); *Blanco v. State*, 249 So. 3d 536, 537 (Fla. 2018); *Rodriguez v. State*, 250 So. 3d 616, 616 (Fla. 2016). Similarly, Cave did not timely seek relief under *Atkins*, and I agree with the majority that he is not entitled to relief.

However, I strongly disagree with the majority's reliance on its decision in *Phillips v. State*, 45 Fla. L. Weekly S163 (Fla. May 21, 2020) (holding that *Hall v. Florida*, 572 U.S. 701 (2014), is not to be retroactively applied, and receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016)). Consequently, I can only concur in the result.

Moreover, I agree that Cave, whose death sentence became final in 1999, is not entitled to the retroactive application of *Hurst v. Florida*, 136 S. Ct. 616 (2016), as interpreted in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016). *See Hitchcock*

- 4 -

*v. State*, 226 So. 3d 216, 217 (Fla. 2017) (holding that *Hurst v. Florida* as interpreted in *Hurst v. State* is not retroactive to defendants whose death sentences became final before the United States Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002)).

However, because the majority relies on *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), a wrongfully decided opinion to which I strenuously dissented, I can concur only in the result on this issue as well.

An Appeal from the Circuit Court in and for Martin County,
    Elizabeth Ann Metzger, Judge - Case No 431982CF000352CFBXMX

Joe Hamrick and Rick A. Sichta, Jacksonville, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Lisa-Marie Lerner, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee