# Supreme Court of Florida

_____

No. SC19-1275
_____

**HAROLD LEE HARVEY, JR.,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

February 4, 2021

PER CURIAM.

Harold Lee Harvey, Jr., appeals an order of the circuit court denying his second successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## BACKGROUND

In 1986, a jury found Harvey guilty of two counts of first-degree murder, and Harvey was sentenced to death. This Court affirmed the judgment and sentence on direct appeal. *Harvey v. State*, 529 So. 2d 1083 (Fla. 1988). Harvey's sentence became final on February 21, 1989, when the United States Supreme Court denied certiorari review. *Harvey v. Florida,* 489 U.S. 1040 (1989). This

Court subsequently affirmed the denial of Harvey's first two postconviction motions seeking relief under rule 3.851. *Harvey v. State*, 946 So. 2d 937 (Fla. 2006); *Harvey v. State*, 260 So. 3d 906 (Fla. 2018).

Now, in his second successive postconviction motion, Harvey argues that he is entitled to a new trial because counsel conceded guilt to first-degree murder without giving Harvey notice and the opportunity to object. Harvey bases this claim on the Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), which we explain below. Harvey acknowledges that he raised a similar argument in his initial postconviction motion, where Harvey unsuccessfully alleged ineffective assistance of counsel. But Harvey distinguishes the claim here on the ground that a *McCoy* error is structural and not subject to analysis under the test of *Strickland v. Washington*, 466 U.S. 668 (1984).

The trial court denied the motion, finding *McCoy* distinguishable because counsel in that case conceded guilt over the defendant's adamant objection. The trial court also found two alternative grounds for denying the motion: first, that the motion was untimely; and second, that *McCoy* does not meet the test for retroactive application. As to the first alternative ground, the trial court held that the rule 3.851(d)(2)(B) exception to the one-year filing requirement does not apply

because *McCoy* has not yet been held to apply retroactively.[1]  Harvey now appeals the denial of his motion.

## ANALYSIS

Harvey's claim here is indistinguishable from the one that this Court recently rejected in *Atwater v. State*, 300 So. 3d 589 (Fla. 2020).[2]  Like Harvey, the defendant in *Atwater* sought relief under *McCoy*.  Like Harvey, the defendant in *Atwater* faulted trial counsel for failing to obtain consent to the trial strategy of conceding guilt.  And like Harvey, the defendant in *Atwater* did not allege that trial counsel conceded guilt over the defendant's express objection.  We held in *Atwater* that claims of this nature are facially insufficient to warrant relief under *McCoy*. *Id*. at 591.

In *Atwater*, we explained that "the Supreme Court in *McCoy* did not hold that counsel is required to obtain the express consent of a defendant prior to

---

1.  Florida Rule of Criminal Procedure 3.851 requires that any postconviction motion challenging a judgment of conviction and sentence of death must be filed within one-year after the judgment and sentence become final, subject to certain exceptions including that "the fundamental constitutional right asserted was not established within the [1-year period] and has been held to apply retroactively."  Fla. R. Crim. P. 3.851(d)(2)(B).

2.  "We review a circuit court's summary rejection of a postconviction claim de novo, 'accepting the movant's factual allegations as true to the extent they are not refuted by the record, and affirming the ruling if the record conclusively shows that the movant is entitled to no relief.' "  *Dailey v. State*, 279 So. 3d 1208, 1215 (Fla. 2019) (quoting *Pardo v. State*, 108 So. 3d 558, 561 (Fla. 2012)).

conceding guilt." *Id*. at 590. Instead, the holding of *McCoy* is that if a defendant "expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *McCoy*, 138 S. Ct. at 1509 (quoting U.S. Const. amend. VI). The defendant in *McCoy* "vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt." *Id.* at 1505. Given those facts, the Supreme Court found that counsel's concession of guilt violated McCoy's "[a]utonomy to decide that the objective of the defense is to assert innocence." *Id.* at 1508.

Harvey's claim is not a *McCoy* claim, because Harvey does not allege that trial counsel conceded guilt over Harvey's express objection. Rather, Harvey simply alleges that trial counsel failed to consult with him in advance. But, as we also explained in *Atwater*, "counsel's duty to discuss trial strategy with the defendant was established long before the Supreme Court's decision in *McCoy*." *Atwater*, 300 So. 3d at 591.

Thus, even accepting all of Harvey's factual allegations as true, *McCoy* would not entitle Harvey to relief. In light of this conclusion, we need not address the alternative grounds that the postconviction court offered in support of its ruling, including the finding that Harvey's motion was untimely.

# CONCLUSION

We affirm the denial of Harvey's second successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Okeechobee County,
    Michael Carlton Heisey, Judge - Case No. 471985CF000075CFAXMX

Ross B. Bricker of Jenner & Block LLP, Chicago, Illinois,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Rhonda Giger, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee