PER CURIAM.
Richard Eugene Hamilton, a prisoner under sentence of death, appeals the circuit court's orders summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851, and his demands for additional public records, which were filed under Florida Rule of Criminal Procedure 3.852. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
I. BACKGROUND
Hamilton was convicted of the 1994 first-degree murder, armed sexual battery, armed robbery, and armed kidnapping of Carmen Gayheart. Hamilton v. State , 703 So.2d 1038, 1040 (Fla. 1997), cert. denied , 524 U.S. 956, 118 S.Ct. 2377, 141 L.Ed.2d 744 (1998). We affirmed Hamilton's convictions and sentence of death on direct appeal. Id. at 1045. We thereafter affirmed the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. Hamilton v. State , 875 So.2d 586, 589 (Fla. 2004).
Between January and April 2016, Hamilton filed demands for additional public records under rule 3.852(i) relating to his representation by predecessor postconviction counsel and the judicial candidacy and tenure as a circuit court judge of the Honorable E. Vernon Douglas, who oversaw Hamilton's trial and initial postconviction proceedings. The postconviction court concluded that Hamilton's demands for these additional public records were "of questionable relevance and unlikely to lead to discoverable evidence" and denied the requests.
On June 6, 2016, Hamilton filed a petition in this Court for a writ of habeas corpus, claiming that he was entitled to relief under the United States Supreme Court's decision in Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). We denied the habeas petition on March 3, 2017, citing Asay v. State , 210 So.3d 1, 22 (Fla. 2016) (holding that Hurst does not apply retroactively to sentences of death that became final before the Supreme Court issued its 2002 decision in Ring v. Arizona , 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ), cert. denied , --- U.S. ----, 138 S.Ct. 41, 198 L.Ed.2d 769 (2017). Hamilton v. Jones , No. SC16-984, 2017 WL 836807, at *1 (Fla. Mar. 3, 2017).
*278 On August 24, 2016, while Hamilton's petition for a writ of habeas corpus was still pending in this Court, Hamilton filed a successive postconviction motion in the circuit court. In his successive motion, Hamilton argued that (1) he is entitled to a new postconviction proceeding due to the institutional failure of the trial court, the State, and the Florida Supreme Court that resulted in a violation of his state and federal constitutional rights and (2) his death sentence is unconstitutional under Hurst v. Florida . The postconviction court summarily denied the successive motion, concluding that it was "untimely as it was submitted eighteen years after the mandate issued and that none of the three articulated exceptions [in rule 3.851 ] apply." Hamilton now appeals the denial of his successive postconviction motion and the denial of his demands for additional public records.
II. ANALYSIS
A. Successive Motion
A motion for postconviction relief must be filed within one year of the date the defendant's conviction and sentence become final. Fla. R. Crim. P. 3.851(d)(1). Hamilton's convictions and sentences became final when the United States Supreme Court denied certiorari review of the direct appeal proceedings on June 26, 1998. Hamilton v. Florida , 524 U.S. 956, 118 S.Ct. 2377, 141 L.Ed.2d 744 (1998) ; see Fla. R. Crim. P. 3.851(d)(1)(B) ("For the purposes of this rule, a judgment is final ... on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed."). The one-year time limitation therefore expired in 1999.
There are exceptions to the one-year time limitation for motions alleging:
(A) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(B) the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively, or
(C) postconviction counsel, through neglect, failed to file the motion.
Fla. R. Crim. P. 3.851(d)(2). Hamilton argues that his Hurst claim was timely because it was raised within one year of the Supreme Court's decision in Hurst v. Florida , but Hamilton is incorrect. The relevant time in which to file a claim based on a new fundamental constitutional right is one year from the date of the decision announcing that the right applies retroactively. See Dixon v. State , 730 So.2d 265, 267 (Fla. 1999) (stating that the basis for calculating a cut-off period for postconviction claims based on a fundamental constitutional right is the date of the issuance of the mandate in the case in which this Court announces retroactivity). But Hurst has never been held to be retroactive to defendants in Hamilton's position. To the contrary, we have expressly held that Hurst does not apply retroactively to defendants whose convictions and sentences were final prior to the issuance of Ring in 2002. Hitchcock v. State , 226 So.3d 216, 217 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017) ; Asay , 210 So.3d at 22.
Accordingly, because Hamilton's successive motion was filed after the expiration of the one-year time limitation and none of the exceptions to the one-year time limitation in rule 3.851(d)(2) are applicable to either of the claims raised by Hamilton in his successive postconviction motion, the postconviction court properly denied the successive motion as untimely. See Fla. R. Crim. P. 3.851(d)(2) (stating that no motion *279 filed beyond the one-year time limitation shall be considered unless it alleges that one of the three exceptions to the one-year time bar applies).
B. Demands for Additional Public Records
We review the denial of motions for additional public records made under rule 3.852 for an abuse of discretion. Pardo v. State , 108 So.3d 558, 565 (Fla. 2012). Under rule 3.852(i), a
trial court may order a person or agency to produce additional public records only upon finding each of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel's affidavit identifies with specificity those additional public records that are not at the records repository;
(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
(D) the additional public records request is not overly broad or unduly burdensome.
Fla. R. Crim. P. 3.852(i)(2). We have held that circuit courts have discretion to deny public records requests that are "overly broad, of questionable relevance, and unlikely to lead to discoverable evidence," Moore v. State , 820 So.2d 199, 204 (Fla. 2002), and that "a defendant bears the burden of demonstrating that the records sought relate to a colorable claim for postconviction relief," Chavez v. State , 132 So.3d 826, 829 (Fla. 2014) (citing Mann v. State , 112 So.3d 1158, 1163 (Fla. 2013) ).
Here the trial court made a specific finding that Hamilton's requests were "of questionable relevance and unlikely to lead to discoverable evidence." Hamilton does not explain why he believes the trial court abused its discretion in denying his requests; he appears to simply disagree with the trial court's conclusion. We find no abuse of discretion in the denial of the requests and conclude that Hamilton has failed to meet his burden to demonstrate that the records sought relate to a colorable claim for postconviction relief. Hamilton is therefore not entitled to relief on this claim.
III. CONCLUSION
For these reasons, we affirm the circuit court's orders denying Hamilton's successive motion for postconviction relief and denying his demands for additional public records.
It is so ordered.
LABARGA, C.J., and LEWIS, POLSTON, and LAWSON, JJ., concur.
QUINCE and CANADY, JJ., concur in result.
PARIENTE, J., dissents with an opinion.