# Supreme Court of Florida

————————

No. SC2022-1286

————————

**JOHNNY MACK SKETO CALHOUN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

July 6, 2023

PER CURIAM.

Johnny Mack Sketo Calhoun appeals the circuit court's denials of his successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.851 and of his request for additional public records filed under Florida Rule of Criminal Procedure 3.852(i).[1]  For the reasons below, we affirm both denials.

## BACKGROUND

In 2012, Calhoun was convicted of the 2010 first-degree murder and kidnapping of Mia Chay Brown, whom Calhoun

———————————————

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

kidnapped in Florida and burned to death in the trunk of her car in Alabama. *Calhoun v. State*, 138 So. 3d 350, 354-58 (Fla. 2013) (*Calhoun I*), *cert. denied*, 574 U.S. 895 (2014). Consistent with the jury's recommendation by a 9-3 vote, the trial court sentenced Calhoun to death for the murder and to 100 years of imprisonment for the kidnapping, and we affirmed the convictions and sentences on direct appeal. *Id.* at 359, 368.

In 2015, Calhoun filed his initial postconviction motion under rule 3.851 in the circuit court seeking relief from his convictions and sentences. After the evidentiary hearing, Calhoun moved (for the sixth time) to add a new claim and to reopen the evidentiary hearing. The circuit court refused and ultimately denied relief as to all of Calhoun's guilt-phase claims. But, applying this Court's decision in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in part by State v. Poole*, 297 So. 3d 487 (Fla. 2020), the court vacated Calhoun's death sentence and ordered a new penalty phase. We affirmed on appeal and denied Calhoun's accompanying petition for writ of habeas corpus. *Calhoun v. State*, 312 So. 3d 826, 834 (Fla. 2019) (*Calhoun II*), *cert. denied*, 141 S. Ct. 394 (2020).

While *Calhoun II* was pending in this Court, Calhoun filed in the circuit court the successive postconviction motion at issue in this appeal, in which he raised a newly discovered evidence claim based on an alleged jailhouse confession. (Calhoun had unsuccessfully sought to add this claim to his initial postconviction motion.) Calhoun also moved to stay proceedings on his successive motion pending our disposition of *Calhoun II,* which the circuit court granted.

On remand from *Calhoun II,* the circuit court held an evidentiary hearing on Calhoun's successive claim. The crux of that claim is Calhoun's allegation that Doug Mixon, the father of Calhoun's former girlfriend, in July or August 2017 confessed to a fellow inmate that he had killed the victim and framed Calhoun. After hearing testimony from Calhoun's witnesses, including Mixon and Keith Ellis, the inmate to whom Mixon had allegedly confessed, the circuit court denied relief.[2] The circuit court found "that Doug

---

2. The circuit court's order also denies (for the second time) another newly discovered evidence claim based on an "implied" confession by Mixon. We already affirmed the denial of relief as to that claim in *Calhoun II,* 312 So. 3d at 838-39, and Calhoun does not appeal this part of the order.

Mixon did not confess to Inmate Keith Ellis." It concluded that there was "overwhelming evidence of Calhoun's guilt" and that "the nature of the newly discovered evidence involving Inmate Ellis is only as a questionable 'jailhouse confession' and/or tough talk allegedly made by Doug Mixon, who has refuted such testimony." The circuit court also concluded that Ellis's testimony about Mixon's alleged confession would be inadmissible under the standard set out in *Chambers v. Mississippi*, 410 U.S. 284 (1973).

After the circuit court denied his successive postconviction motion, Calhoun filed a request for additional public records under rule 3.852(i). As we will explain later in more detail, Calhoun sought a prison incident report that he claimed would bolster his theory of Mixon's jailhouse confession. The circuit court denied that motion as well.

This appeal followed.

## ANALYSIS

Calhoun argues that the circuit court erred in denying his newly discovered evidence claim based on Mixon's alleged jailhouse confession. He also argues that the circuit court abused its

discretion in denying his request for additional public records. We disagree and affirm both denials.

### Newly Discovered Evidence

Two requirements must be met to set aside a conviction based on newly discovered evidence:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. *See Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998) (*Jones II*). Newly discovered evidence satisfies the second prong of the *Jones II* test if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability." *Jones II*, 709 So. 2d at 526.

*Marek v. State*, 14 So. 3d 985, 990 (Fla. 2009) (alteration in original). In this case, the State does not dispute that Calhoun's claim satisfies the first prong.

The second prong—whether newly discovered evidence would likely produce an acquittal upon retrial—requires the circuit court to "conduct a cumulative analysis of all the evidence." *Hildwin v. State*, 141 So. 3d 1178, 1184 (Fla. 2014). The circuit court must evaluate what effect the newly discovered evidence might have in light of all the admissible evidence that could be introduced at a

new trial, *Dailey v. State*, 329 So. 3d 1280, 1288 (Fla. 2021), assessing the "total picture" of the case and all its circumstances, *Hildwin*, 141 So. 3d at 1184 (quoting *Swafford v. State*, 125 So. 3d 760, 776 (Fla. 2013)).

Here, the newly discovered evidence consists of Doug Mixon's alleged jailhouse confession to fellow inmate Keith Ellis. The circuit court, after a hearing at which Mixon and Ellis testified, found that the alleged confession did not, in fact, occur. Final Order Denying Defendant's Successive Rule 3.851 Motion for Post Conviction Relief After Limited Evidentiary Hearing at 9, *State v. Calhoun*, No. 302011CF000011CFAXMX (Fla. 14th Cir. Ct. July 27, 2022) ("The Court finds that Doug Mixon did not confess to Inmate Keith Ellis."). Our review of that finding is limited to determining whether it is supported by competent, substantial evidence. *Green v. State*, 975 So. 2d 1090, 1100 (Fla. 2008). If it is, we are precluded from substituting our judgment for that of the trial court. *Cruz v. State*, 320 So. 3d 695, 712 (Fla. 2021) (quoting *Blanco v. State*, 702 So. 2d 1250, 1252 (Fla. 1997)).

Competent, substantial evidence supports the trial court's finding. Mixon testified that he did not tell Ellis that he had

- 6 -

"burned a girl in a car in Alabama," but that he had told Ellis, "my future ex-son-in-law of mine killed a young lady and burned her in a car, and they [are] trying to blame me with it or say I know something about it[.]" In deciding to credit Mixon's testimony over Ellis's, the circuit court observed each witness's demeanor at the evidentiary hearing. *See Ibar v. State*, 190 So. 3d 1012, 1018 (Fla. 2016) ("Postconviction courts hold a superior vantage point with respect to . . . observations of the demeanor and credibility of witnesses."). In these circumstances, we may not substitute the circuit court's finding with a different one of our own. *See Calhoun II*, 312 So. 3d at 837 (deferring to the circuit court's finding that postconviction testimony was false because that finding was supported by competent, substantial evidence).

Given the trial court's finding, Calhoun's newly discovered evidence claim necessarily fails. If the new evidence is not credible—that is, if Mixon did not confess to murdering the victim in this case—then that evidence would not probably produce an acquittal on retrial. Therefore, Calhoun cannot satisfy the second prong of the *Jones* test. *See, e.g., State v. Riechmann*, 777 So. 2d 342, 360 (Fla. 2000) (affirming the denial of a newly discovered

evidence claim where the postconviction court determined that witness testimony was "less than credible" and thus "would probably not have created a reasonable doubt in the minds of the jury"). We affirm the circuit court's denial of postconviction relief.[3]

## Public Records

Calhoun also challenges the circuit court's denial of his request for additional public records under rule 3.852(i), which he filed after the circuit court denied his successive postconviction motion. We review the court's decision for an abuse of discretion. *See Sweet v. State*, 293 So. 3d 448, 454 (Fla. 2020).

Calhoun's records request grew out of the testimony of the three witnesses who testified at the evidentiary hearing in this matter: Doug Mixon; Keith Ellis; and Karon Matheny, a nurse who worked at the prison where Mixon and Ellis were incarcerated, who had known the defendant (Calhoun) since his childhood, and who owned property near the place where the victim's body was found.

---

3. Because of our decision on the merits of Calhoun's newly discovered evidence claim, we need not address the circuit court's conclusion that Ellis's testimony about Mixon's alleged confession would be inadmissible under *Chambers*.

Relevant here, Ellis testified that Mixon had threatened to kill Matheny on account of Matheny allegedly spreading lies about Mixon's involvement in the murder; Ellis said that he told Matheny about Mixon's threat. Matheny testified that she had not previously heard of Mixon, but that she reported the threat to her supervisor after Ellis told her about it. Finally, in his own testimony, Mixon denied having threatened to harm Matheny. Addressed to the Graceville Correctional Facility and filed with the circuit court, Calhoun's records request covered the period July through October 2017 and sought any documents related to Mixon's alleged threats against Matheny.

We see no abuse of discretion in the circuit court's denial of Calhoun's request for additional records. First, Calhoun waited to file the request until *after* the court had denied relief on his newly discovered evidence claim, even though Calhoun knew about the possible existence of responsive documents *before* the evidentiary hearing in this matter. *See Tompkins v. State*, 872 So. 2d 230, 244 (Fla. 2003) (unjustified delay constitutes grounds for denying motion to compel records production). Second, and relatedly, the purpose of rule 3.852 is to facilitate a defendant's access to records

for use in a postconviction proceeding. Here, the only apparent relevance of the requested records (assuming responsive documents exist) is to provide support for an already denied claim that was the subject of an evidentiary hearing. The relevant postconviction proceeding was over before Calhoun filed his records request. *Cf. Hamilton v. State*, 236 So. 3d 276, 279 (Fla. 2018) (defendant must show "records sought relate to a colorable claim for postconviction relief").

**CONCLUSION**

For the reasons above, we affirm the circuit court's denials of Calhoun's successive postconviction motion and of his request for additional public records.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
SASSO, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Holmes County,
    Christopher N. Patterson, Judge
    Case No. 302011CF000011CFAXMX

Robert S. Friedman, Capital Collateral Regional Counsel, Elizabeth Spiaggi, Assistant Capital Collateral Regional Counsel, and Alice

- 10 -

Copek, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, Florida,

    for Appellee